Herbert BROWNELL, Jr., Attorney General of the United States, as Successor to the Alien Property Custodian,

v.

SCHERING CORPORATION, Appellant.

No. 11725.

United States Court of Appeals Third Circuit.

Argued Dec. 22, 1955.

Decided Jan. 17, 1956.

Raoul Berger, Washington, D. C. (John Milton, Jersey City, N. J., Milton, McNulty & Augelli, Jersey City, N. J., Dwight, Royall, Harris, Koegel & Caskey, New York City, Irving H. Jurow, Bloomfield, N. J., on the brief), for appellant.

George B. Searls, Washington, D. C. (Dallas S. Townsend, Asst. Atty. Gen., Raymond Del Tufo, Jr., U. S. Atty., District of New Jersey, James D. Hill, Joel H. Pullen, Attorneys, Department of Justice, Washington, D. C., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.

PER CURIAM

This case presents questions under the Trading With the Enemy Act, 50 U.S.C.A.Appendix, § 1 et seq. The Attorney General, as successor to the Alien Property Custodian, brought an action to enjoin alleged violation of an agreement entered into between his predecessor and the defendant in January, 1952, and for a declaratory judgment that the agreement was valid. The defendant by way of counterclaim asked for recision. In the district court the plaintiff was given what he asked for and the counterclaim was dismissed. D.C.D.N.J.1955, 129 F.Supp. 879. No questions of fact are involved.

Judge Hartshorne examined all the questions involved in a commendably thorough opinion which covers fifty printed pages. He upheld the action of the government officials both as to its propriety under the corporation law of New Jersey and as authorized by federal statutes dealing with trading with the enemy. We do not disagree with his discussion of the rights of the sole shareholder of a corporation under the corporation law of New Jersey. But we do not find it necessary to adopt it here because we think the problems are those of the federal government's power and the extent of its exercise with regard to the statutes involved and steps taken in pursuance thereof. The district court opinion has met each point raised. We agree with the conclusions and do not think we can strengthen them by repeating in different words the views so clearly expressed.

The judgment of the district court will be affirmed.