420 P.2d 308

Salomon SANDOVAL, Petitioner,

v.

Felix RODRIGUEZ, Acting Warden of the New Mexico State Penitentiary, Respondent.

No. 8274.

Supreme Court of New Mexico.

Nov. 21, 1966.

Joseph A. Roberts, Santa Fe, for petitioner.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

PER CURIAM.

Petitioner seeks release from custody claiming that if given credit for all good time allowances to which he is entitled he would have completed his sentence. Respondent Harold Cox, Warden, having died since the petition herein was filed, Felix Rodriguez, Acting Warden, has been substituted as respondent.

The record discloses that petitioner was committed to the state penitentiary on October 3, 1961 to serve concurrent sentences of one to three years and one to ten years. He has accordingly served slightly more than five years. It is petitioner's contention that, upon receiving credit for statutory good time as provided in § 42–1–54, N.M.S.A.1953, and for meritorious and exceptionally meritorious service as provided in § 42–1–55, N.M.S.A.1953, he is entitled to immediate release.

The difficulty arises, and the respondent continues to deny petitioner release from custody, by virtue of forfeitures of accrued good time deductions on November 23, 1963, and April 6, 1964, pursuant to § 42–1–57, N.M.S.A.1953.

Petitioner contends that in ordering the forfeitures, respondent has denied petitioner his constitutional rights under the Fifth and Fourteenth Amendments of the Constitution of the United States.

The claim of denial of due process is generally to the effect that §.4–10–13, N.M. S.A.1953, requires that "any official report, pamphlet, publication, regulation, rule, code of fair competition notice, proclamation, order or similar instrument issued, prescribed or promulgated by" each state office, commission, agency, department or institution, be filed with the librarian of the Supreme Court law library, and that § 4–10–19, N.M.S.A.1953, provides that rules, orders and regulations not so filed shall not be valid against any person who does

not have actual knowledge thereof. Further, he argues that § 42–1–19, N.M.S.A. 1953, provides for promulgating of rules and regulations for the government, discipline and policing of the penitentiary and for punishment of prisoners, and that petitioner can be legally held to comply only with the rules adopted pursuant to such power and punished in accord with the procedure set forth therein, and then only if the rules are filed with the librarian of the Supreme Court law library. In 1955 the state penitentiary filed rules and regulations with the librarian. The conduct requirements set forth in these rules are only those generally applicable in living quarters, dining hall and while at work and in no way purport to cover activities which might be considered "major conduct violation[s]" so as to result in forfeiture under § 42–1–57, N.M.S.A.1953. As a matter of fact, fighting is not mentioned or stated to be misconduct in the rules as filed. This was the charge for which petitioner's good time credits previously earned were forfeited.

For a better understanding and appreciation of the petitioner's claim, we set forth §§ 4–10–13 and 42–1–19, N.M.S.A. 1953:

4–10–13. "It is hereby required and made the duty of the official head of each state office, commission, agency, department or institution, except the legislative or judicial branches of the state government, immediately after the issuance of any official report, pamphlet, publication, regulation, rule, code of fair competition notice, proclamation, order or similar instrument issued, prescribed or promulgated by such office, agency or institution *of general application,* to file three (3) copies of each such document above named with the librarian of the Supreme Court law library of the state of New Mexico, who shall cause to be noted on each of said copies the day and hour of the filing thereof, two (2) of which copies so filed shall be and remain in the custody of said librarian as a permanent record of the state of New Mexico, and shall during office hours be open to public inspection."

42–1–19. "The board of penitentiary commissioners shall make such rules and regulations for the government, discipline and police of the penitentiary, and for the punishment of prisoners confined therein, not inconsistent with the law, as they may deem expedient, and until such regulations are made, the regulations now in force shall exercise a general superintendence and control over the government and discipline of the penitentiary, cause such rules and regulations as they may prescribe for the government and discipline of the penitentiary to be printed and placed in some conspicuous place therein, and shall visit the said penitentiary once in each month,

and inspect the same." (Emphasis supplied.)

 It is petitioner's position that § 4–10–13, supra, requires all rules and regulations for conduct of the penitentiary to be filed as provided therein, failing in which they have no validity as against one not having actual notice of their content. This position we find to be totally without merit.

 We must assume the legislature is well informed and reasonable, and its enactment, if possible, must be interpreted to accord with common sense and reason. City Commission of Albuquerque v. State, 75 N.M. 438, 444, 405 P.2d 924. What strange results would patently follow from an interpretation of the law urged by petitioner when applied to internal operation of the penitentiary?

However, we do not recognize any problem to be present. The statute by its own terms has no application to the rules here in question. Although it will be noted that its coverage is broad, it is nevertheless restricted to the items mentioned when of "general application." By the use of these words we see a clear intention to require filing only when the public is interested or concerned, and no purpose to have the public records cluttered with internal rules of interest only to employees of an agency or inmates of an institution.

·We find cases where contentions similar to that advanced here were made concerning orders required to be published in the Federal Register under the Federal Register Act (44 U.S.C.A. § 305, 49 Stat. 501). That act requires publication of documents determined to have "general applicability and legal effect." In Reconstruction Finance Corporation v. United Distillers Products Corp. (U.S.D.C.Conn.1952) 113 F.Supp. 468, 481, it was held that orders there involved were not of "general applicability" and accordingly were not required to be published. See also, Brownell v. Schering Corporation (U.S.D.C.N.J.1955) 129 F.Supp. 879, 904, aff'd (C.A.3 1956) 228 F.2d 624; United States v. Hayes (C.A.4, 1963) 325 F.2d 307.

Neither do we find anything in § 42–1–20, N.M.S.A.1953, of any aid to petitioner.

 We conclude that the petition is without merit and that the writ heretofore issued should be discharged, and the petitioner remanded to the custody of respondent.

It is so ordered.