541 P.2d 971

**STATE of New Mexico, Petitioner,**

v.

**Yetta J. BIDEGAIN and Louis M. Grant, Respondents.**

No. 10515.

Supreme Court of New Mexico.

Oct. 8, 1975.

Rehearing Denied Nov. 3, 1975.

**468**

Toney Anaya, Atty. Gen., Andrea Buzzard, Asst. Atty. Gen., Santa Fe, for petitioner.

Rowley & Bowen, J. W. Anderson, Tucumcari, for respondents.

## OPINION

OMAN, Justice.

This cause is before us upon a writ of certiorari directed to the New Mexico Court of Appeals, which reversed the convictions of the defendants for unlawful possession of 8 ounces or more of marijuana, contrary to the prohibition contained in § 54–11–23, N.M.S.A. 1953 (Repl.Vol. 8, pt. 2, Supp.1973). *State v. Bidegain and Grant*, 540 P.2d 864 (Ct.App.) opinion issued May 28, 1975. No claim is made that the Court of Appeals erred in reversing the conviction of Bidegain. Therefore, we concern ourselves only with the decision of the Court of Appeals insofar as it reversed the judgment of conviction of Grant. We reverse the Court of Appeals to this extent and remand the cause to that court for whatever further action is appropriate.

The question presented is whether the Court of Appeals correctly held that the trial court erred in denying Grant's motion to suppress the marijuana as evidence. The marijuana was seized in a warrantless search of an automobile which Grant was driving. He was stopped by the New Mexico State Police in a routine driver's license and vehicle registration check. He produced an Arizona driver's license and a Connecticut registration certificate, but the registration certificate showed the vehicle to be registered in another person's name. In view of this, the police decided to make a computer check by radio to determine if the vehicle was stolen. This consisted of one of the officers returning to his vehicle, which was parked nearby, and sending a radio message to a computer center known as the N.C.I.C., which would, in approximately six seconds, advise whether or not the vehicle had been reported as stolen. It turned out that the computer was inoperative at the time.

While the one officer had gone to his vehicle to make the computer check, the other officer explained to Grant what was being done and the purpose for the computer check. In the course of their conversation, the officer asked Grant what he had in the trunk of the automobile. At least one of the purposes for asking this question was to determine if Grant knew what was in the trunk. This was relevant to a determination of whether or not the vehicle was stolen. Grant responded that he had "luggage, suitcases." At about this time, the officer who had attempted to make the computer check returned to the Grant vehicle, and the officer, who had been talking with Grant, asked: "Do you mind if we look"? Grant replied, "No, don't mind if you look." He then got out of the automobile and unlocked and opened the trunk. The officers saw three footlockers which were locked. The officers smelled what they both concluded was the aroma of marijuana.

The officers then requested permission to look in the footlockers. Grant replied that he would rather the officers didn't look, because the lockers did not belong to him. Thereupon, the officers told him they smelled marijuana, that they believed marijuana was in the footlockers, and that he would be detained until they could ob-

tain a search warrant. Grant then delivered the keys to the padlocks on the footlockers to the officers who opened the lockers and found them to be filled with bricks of marijuana. The officers then searched two suitcases located in a U-Haul rack on top of the automobile and found marijuana in them.

As we understand their decision, the majority of the Court of Appeals held:

(1) That the officers had no right to inquire as to what was in the trunk of the automobile, because, at that point, they lacked the probable cause necessary to secure a search warrant;

(2) That the conduct of the officers in securing Grant's consent to look into the trunk of the automobile did not meet the requirements for a voluntary consent as announced in *State v. Aull,* 78 N.M. 607, 435 P.2d 437 (1967), cert. denied, 391 U.S. 927, 88 S.Ct. 1829, 20 L.Ed.2d 668 (1968), and *State v. Lewis,* 80 N.M. 274, 454 P.2d 360 (Ct.App.1969), overruled on other grounds, 85 N.M. 118, 509 P.2d 885 (Ct. App.1973), because there was a conflict in the evidence as to when the officers stated they would get a search warrant. Grant testified that the request was made before he opened the automobile trunk, and the officers testified it was after the trunk was opened, after they had seen the locked footlockers in the trunk, after they had smelled marijuana, after they had arrived at a belief that the marijuana was in the footlockers, after they had requested permission to look in the footlockers, and after Grant had expressed a desire that they not do so because the footlockers did not belong to him;

(3) Apparently, because of this stated conflict in the evidence, that Grant's consent to the officers to look into or search the vehicle trunk was not "proved by clear and positive evidence with the burden of proof on the state" as required by the decision in *State v. Aull,* supra;

(4) That the officers acted unreasonably and without probable cause in requesting permission to look in the footlockers, because the smelling of marijuana by them could not constitute probable cause for a warrantless search in the absence of "a foundation as to [their] expertise."

We disagree with all of the reasoning of the Court of Appeals as we understand it, and disagree that the conduct of the officers constituted "stop and snoop" tactics and "harassment."

The officers were conducting a routine check of driver's license and vehicle registrations; Grant was routinely stopped as a part of this procedure; and there is nothing in the record to indicate, and no contention has been made by Grant, that this check was not being conducted lawfully. Thus, no question of the validity of the conduct of the officers in stopping Grant is presented.

The "snooping," as the majority of Court of Appeals chose to describe the conduct of the officers, began after Grant, who resided in Tucson, Arizona, had produced an Arizona driver's license issued to him and a Connecticut certificate of registration showing the vehicle to be registered in that state in the name of another person. The officers then asked what Grant had in the trunk of the vehicle. He responded that he had luggage. He was then asked if he minded if they looked in the trunk. He replied that he did not mind, got out of the vehicle and personally unlocked and opened the trunk.

The quotation appearing in the majority opinion of the Court of Appeals from *State v. Lewis,* supra, does not support the position that the officers exceeded their authority in asking Grant what he had in the trunk of the automobile. A police officer making a lawful stop of a motorist is not precluded from making reasonable inquiries concerning the purpose or purposes for the stop. An inquiry by an officer is not automatically violative of the right of security of a motorist, because the officer lacks probable cause to secure a warrant, or even because he lacks reasonable grounds for suspecting the motorist to be guilty of a crime. There is nothing

wrong with an officer asking for information or asking for permission to make a search. Permission need not be initially volunteered to constitute consent. *Schneckloth v. Bustamonte,* supra; *United* 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). A search authorized by consent is an exception to the requirements of both a warrant and probable cause and is wholly valid. *Schneckloth v. Bustamonte,* supra; *United States v. Beckham,* 505 F.2d 1316 (5th Cir. 1975); *Meister v. C.I.R.,* 504 F.2d 505 (3d Cir. 1974); *United States v. Heisman,* 503 F.2d 1284 (8th Cir. 1974); *Bradley v. Cowan,* 500 F.2d 380 (6th Cir. 1974); *United States v. Rothman,* 492 F.2d 1260 (9th Cir. 1973); *Maxwell v. Stephens,* 348 F.2d 325 (8th Cir. 1965); *State v. Carlton,* 83 N.M. 644, 495 P.2d 1091 (Ct.App.1972), cert. denied, 83 N.M. 631, 495 P.2d 1078 (1972).

■ The question of the voluntariness of a consent is one of fact to be determined by the trial court from all the evidence adduced upon this issue. *Schneckloth v. Bustamonte,* supra; *State v. Aull,* supra; *State v. Sneed,* 76 N.M. 349, 414 P.2d 858 (1966). It is for that court to weigh the evidence, determine its credibility or plausability, determine the credibility of the witnesses, and decide whether the evidence was sufficient to clearly and positively, or clearly and convincingly, establish that the consent was voluntarily given. *State v. Aull,* supra; *State v. Sneed,* supra. It is for the appellate court to determine only if the evidence, viewed in its most favorable light in support of the finding of the trial court, can be said to clearly and convincingly support the finding. *Terrel v. Duke City Lumber Company, Inc.,* 86 N.M. 405, 524 P.2d 1021 (Ct.App. 1974), aff'd. on this point in *Terrel v. Duke City Lumber Company, Inc.,* 88 N.M. 299, 540 P.2d 229, opinion issued August 4, 1975; *State v. Ballesteros,* 23 Ariz.App. 211, 531 P.2d 1149 (1975). To state it otherwise, it is for the appellate court to determine only whether the evidence, viewed in the light most favorable to the finding and considering the degree of proof re-

quired, substantially supports the finding. *State v. Seaton,* 86 N.M. 498, 525 P.2d 858 (1974); *State v. Santillanes,* 86 N.M. 627, 526 P.2d 424 (Ct.App.1974); *State v. Valles,* 83 N.M. 541, 494 P.2d 619 (Ct. App.1972).

■ The evidence adduced at the hearing on the motion to suppress, when so viewed and considered, clearly supports the trial court's finding that Grant voluntarily consented to the opening of the trunk of the vehicle.

■ We next consider the determination by the Court of Appeals that the officers acted unreasonably and without probable cause in requesting permission to look in the footlockers, because their smelling of marijuana could not constitute probable cause for a warrantless search in the absence of "a foundation as to [their] expertise." We have above discussed and held that the probable cause required to secure a warrant or to justify a warrantless search is not a prerequisite to a consent search or to a request for consent to search.

The trial court found that the officers had probable cause to conduct a search of the footlockers in that they smelled marijuana upon the opening of the trunk of the vehicle, and the odor was apparently coming from inside the footlockers. There was no evidence of the presence of marijuana inside the trunk of the vehicle but outside the footlockers. The majority of the Court of Appeals disagree with the trial court, because there was no "foundation as to the officer's expertise." Apparently the claimed lack of foundation as to expertise has reference to the lack of evidence as to the expertise, skill or capacity of the officers to correctly identify marijuana by smell. If the holding of the Court of Appeals is that the identification of marijuana by smell is an area of expertise requiring special skills or training and proof of qualifications in that area before evidence of identification of marijuana by smell is admissible, then that court erred,

because that question was not before it. And we do not consider the question, because it is not properly before us.

The testimony of the officers, concerning their identification of the odor of marijuana emanating from the trunk of the vehicle upon being opened, was not the subject of objection or question by Grant, and there was not the slightest suggestion at the hearing on the motion to suppress or at trial that either officer lacked the ability, or qualifications, to identify marijuana by odor. In fact, the testimony concerning the smelling of marijuana by the officers was initially elicited at the hearing on the motion to suppress by counsel for defendants.

Opinions by the Court of Appeals, as well as by this Court, holding that none except jurisdictional or fundamental errors will be considered on appeal, unless raised or presented in the trial court, are legion. *State v. Aull,* supra; *State v. Lott,* 73 N. M. 280, 387 P.2d 855 (1963); *State v. Jaramillo,* 85 N.M. 19, 508 P.2d 1316 (Ct. App.1973), cert. denied, 85 N.M. 5, 508 P. 2d 1302 (1973), cert. denied, 414 U.S. 1000, 94 S.Ct. 353, 38 L.Ed.2d 236 (1973); *State v. Tapia,* 79 N.M. 344, 443 P.2d 514 (Ct. App.1968); cases cited in 3A New Mexico Digest, Criminal Law, ⊕1028, 1030 (1969).

We reverse the Court of Appeals, insofar as it sought to reverse the judgment of conviction of Grant, and remand the cause to the court for whatever further action is appropriate.

It is so ordered.

McMANUS, C. J., and STEPHENSON and MONTOYA, JJ., concur.

SOSA, J., dissents without opinion.