561 P.2d 465

STATE of New Mexico, Petitioner,

v.

Frank BLOOM and Ralph Mikorey, Respondent.

No. 10876.

Supreme Court of New Mexico.

March 10, 1977.

Toney Anaya, Atty. Gen., Ralph W. Muxlow II, Raymond Hamilton, Asst. Attys. Gen., Santa Fe, for petitioner.

Rosenberg & Harris, Albuquerque, for respondent.

## OPINION

OMAN, Chief Justice.

This cause is before us on a writ of certiorari directed to the New Mexico Court of Appeals. That court affirmed the convictions of aggravated assault upon a police officer contrary to § 40A–22–21A(1), N.M. S.A.1953 (2d Repl.Vol. 6, 1972), escape from the custody of a peace officer contrary to § 40A–22–10, N.M.S.A.1953 (2d Repl.Vol. 6, 1972), and battery upon a peace officer contrary to § 40A–22–23, N.M.S.A.1953 (2d Repl.Vol. 6, 1972), but reversed the conviction of both defendants for possession of marijuana contrary to § 54–11–23(B)(3), N.M.S.A.1953 (Supp.1975). *State v. Bloom and Mikorey* (consolidated), opinion issued March 16, 1976, 90 N.M. 226, 561 P.2d 925 (Ct.App.1976). We granted certiorari to review only the reversal of the convictions for possession of marijuana. We reverse the Court of Appeals, insofar as it reversed

these convictions, and remand the case to that court with directions to affirm the judgment of the trial court as to all convictions.

In the majority opinion of the Court of Appeals, by which the convictions for possession of marijuana were reversed, that court has detailed most of the pertinent evidence adduced at the hearing on the motion to suppress. This motion sought suppression upon the grounds that the stop, search, seizure and arrest were unlawful. The Court of Appeals upheld the legality of the arrest, so that question is not before us. What is before us is the question of the correctness of the holding by the majority of the Court of Appeals that the physical and testimonial evidence concerning the marijuana should have been suppressed by the trial court, because the stop and search of the vehicle and the seizure of the marijuana by the state police officer were illegal.

In addition to the evidence on this issue quoted in the majority opinion, we call attention to the dissenting opinion of Chief Judge Wood upon this issue. We agree with his dissent.

█ As to the purposes for the initial stop of the vehicle by the officer, there were contradictions in the officer's testimony. However, it is clear that there was evidence that the officer, with the assistance of another officer, was conducting a general roadblock for the purposes of checking driver's licenses and car registrations, and searching for stolen vehicles. The Court of Appeals concedes these are lawful purposes for stopping vehicles pursuant to statutory authority, and we agree. However, the majority of that court say they "have no doubt that the stopping of defendants' vehicle and requesting the driver's license and registration was merely an excuse to go beyond the sanctions permitted by the statute * * *." They claim by "so holding [they] are not avoiding the traditional standards of appellate review * * *" and that "there are certain cases were the traditional approach would be

closing one's eyes to the realities of the situation." With these statements we disagree.

■■■ The majority went beyond the permissible scope of appellate review by not limiting itself to a consideration of whether the evidence substantially supported the trial court's finding that the motion to suppress should be denied. Conflicts in evidence are to be resolved by the finder of the facts, in this case the trial court, and this includes conflicts in the testimony of a witness, as in the testimony of the police officer in this case. *State v. Landlee,* 85 N.M. 449, 513 P.2d 186 (Ct.App.1973); *State v. McKay,* 79 N.M. 797, 450 P.2d 435 (Ct. App.1969). The trial court, as the finder of the facts, resolved the conflicts against the defendants, and it was not within the province of the majority of the Court of Appeals to resolve the conflicts the other way, merely because it felt to follow this "traditional approach would be closing one's eyes to the realities of the situation." The realities of the factual situation were for the trial court to determine, and not for the Court of Appeals. The determination of the weight and effect of the evidence, including all reasonable inferences to be drawn from both the direct and circumstantial evidence, is a matter reserved for the determination of the trier of the facts. *State v. Vigil,* 87 N.M. 345, 533 P.2d 578 (1975).

With regard to the claimed search of the trunk of the vehicle, defendant Mikorey, in his testimony at the hearing on the motion to suppress, gave the following answers to the following questions posed by his attorney:

"Q Okay, now, there is some doubt in my mind, and I would like you to clarify this for me and for the Court. Prior to you opening the trunk of your car, and prior to Officer Williams making a statement to you concerning a search warrant, what were your—had you made up your mind at that point whether you were or were not going to open your trunk?

"A After he said that he could go down and get a search warrant, I figured, well, if he can get a warrant, he would be able to look in the trunk, anyway, so then I didn't have too much of a choice, so I just opened the trunk.

"Q Okay, now, before he made that statement about the search warrant, were you going to open the trunk?

"A Yeah, I was going to open the trunk. He said he just wanted to look in there.

"* * *.

"Q Okay. Why, then, did you open the trunk?

"A Because he said he wanted to look in the trunk."

■■ It is true that he later testified that he had no intention of opening the trunk until the officer had stated that a search warrant could be secured. However, the conflict in the testimony of this defendant was also a matter for resolution by the trial court. Clearly this evidence, together with the evidence of the officer concerning his request to look into the trunk of the vehicle, could properly be construed as consent on this defendant's part to look into and make a search of the trunk. As stated in *State v. Bidegain,* 88 N.M. 466, 469–70, 541 P.2d 971, 974–75 (1975):

"There is nothing wrong with an officer asking for information or asking for permission to make a search. Permission need not be initially volunteered to constitute consent. (citations omitted). A search authorized by consent is an exception to the requirements of both a warrant and probable cause and is wholly valid. (Citations omitted.)

"The question of the voluntariness of a consent is one of fact to be determined by the trial court from all the evidence adduced upon this issue. (Citations omitted.) It is for that court to weigh the evidence, determine its credibility or plausability, determine the credibility of the witnesses, and decide whether the evidence was sufficient to clearly and positively, or clearly and convincingly, establish that the consent was voluntarily given. (citations omitted.) It is for the appellate court to determine only if the evidence, viewed in its most favorable

light in support of the finding of the trial court, can be said to clearly and convincingly support the finding. (citations omitted). To state it otherwise, it is for the appellate court to determine only whether the evidence, viewed in the light most favorable to the finding and considering the degree of proof required, substantially supports the finding." (Citations omitted.)

Mikorey opened the trunk. There was a definite odor of marijuana in the trunk which the officer smelled. The officer then asked Mikorey what he had in the suitcases and he answered that he had clothes. The officer asked him if he would open the top suitcase. He hesitated, said nothing and then opened it. This suitcase contained marijuana residue. Defendants were then placed under arrest for the possession of marijuana and the marijuana was seized.

When the evidence is viewed as it must be viewed by an appellate court, it supports the finding of the trial court that the stop, search and seizure were not unlawfully accomplished. Consequently, the majority of the Court of Appeals was in error in reversing the conviction of defendants for possession of marijuana, and this cause should be remanded to the Court of Appeals with directions to affirm these possession convictions.

IT IS SO ORDERED.

McMANUS and EASLEY, JJ., concur.

SOSA and PAYNE, JJ., dissent and agree with the opinion of the Court.