565 P.2d 1041

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**William S. MARTIN, Jr.,
Defendant-Appellant.**

No. 2653.

Court of Appeals of New Mexico.

May 3, 1977.

Certiorari Denied May 25, 1977.

Lynn Pickard, Pickard & Singleton, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Paquin M. Terrazas, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Convicted of eighteen counts of attempt to evade or defeat any tax pursuant to § 72–13–85, N.M.S.A. 1953 (Repl. Vol. 10, pt. 2, 1961, Supp.1975) and eight counts of willfully making a false return with intent to evade or defeat payment of the tax pursuant to § 72–13–86, N.M.S.A. 1953 (Repl. Vol. 10, pt. 2, 1961, Supp.1975) defendant appeals. The points for reversal

related to: (1) sufficiency of the evidence; (2) jury instruction given; (3) jury instruction refused; and, (4) offer of proof. Issues raised in the docketing statement but not argued on appeal are deemed waived. *State v. Vogenthaler*, 89 N.M. 150, 548 P.2d 112 (Ct.App.1976). We affirm.

## Sufficiency of the Evidence

■ We view the evidence together with all reasonable inferences flowing therefrom in the light most favorable to support the verdict. *State v. Bidegain*, 88 N.M. 466, 541 P.2d 971 (1975); *State v. Bloom*, 90 N.M. 192, 561 P.2d 465, decided March 10, 1977. The record discloses the following.

The taxes and returns involved related to defendant's gross receipts taxes. Defendant is a lawyer and engaged in selling legal services. See § 72–16A–3(F), (K), N.M.S.A. 1953 (Repl. Vol. 10, pt. 2, 1961, Supp.1975). Defendant's internal accounting procedures were at best sloppy. There was no orderly or regular procedure to keep track of income. " . . . His records are admittedly not adequate . . . ." This was not the first time defendant had trouble with his taxes and returns. Previously the Bureau of Revenue had assisted him in straightening out his reporting and taxes. This straightening out was only temporary—he then missed several reporting periods. He would not utilize any records to prepare returns but would "guestimate." Subsequently the matter was turned over to a Special Agent for criminal investigation. The indictments followed.

Under this point defendant makes a three prong attack: (a) that the evidence, taken as a whole, does not show the requisite criminal intent pursuant to §§ 72–13–85 and 86, supra; (b) that the amounts of taxes due were not substantial or material amounts; and (c) that the convictions on the first four counts of tax evasion "were improper as a matter of law due to the fact that defendant was assessed on these counts."

### (a) *Intent*

Defendant candidly concedes that under the traditional standard of appellate review in criminal cases, the evidence "could be found to have supported the verdicts." We agree. *State v. Bidegain*, supra. However, defendant urges us to require a higher standard of proof in terms of criminal intent in tax fraud causes, that since this is the first case of its kind it should even be higher and " . . . rather a gut feeling that upon the evidence adduced below, all reasonable people must have a reasonable doubt as to whether defendant really willfully intended to cheat the government out of taxes due it."

■ Defendant's arguments regarding legislative intent and similarity of Federal provisions relating to quantum of proof required for the requisite criminal intent are not persuasive. First, the presumption is that the legislature intended that statutes enacted would be effective and productive of the most good. *Alvarez v. Board of Trustees of La Union Townsite*, 62 N.M. 319, 309 P.2d 989 (1957). Secondly, tax statutes normally are such that the taxpayer has the obligation of self-declaration of any incident which has a tax consequence. See § 72–14–1, et seq.; § 72–15A–1, et seq.; § 72–15B–l, et seq.; § 72–16A–1, et seq.; § 72–18–1, et seq.; § 72–27–1, et seq., N.M.S.A. 1953 (Repl. Vol. 10, pt. 2, Supp.1975) as examples. The reasons for this are apparent—that the taxpayer will faithfully perform his obligation and that to do otherwise would increase the administrative burdens of the tax collection agencies. Thirdly, the legislature is presumed to have enacted the statutes with knowledge of legislative and judicial pronouncements. *Bettini v. City of Las Cruces*, 82 N.M. 633, 485 P.2d 967 (1971). With the foregoing in mind, the legislature could have provided for a stricter degree of proof for such cases. However, since it did not and since it was presumed to know the burden of proof required in normal criminal cases (See *Sandoval v. Rodriquez*, 77 N.M. 160, 420 P.2d 308 (1966)) we feel obliged to follow the traditional standard of appellate review.

■ Viewing the evidence as we must we hold that it is substantial to support the verdicts. The absence of procedures and the lack of method of doing business shows a conscious pattern of reckless disregard of any obligation to comply with the law and consequently a reasonable inference of intent not to pay or correctly report proper taxes and income.

### (b) *Substantial Amounts*

■ Throughout the trial court's instructions it referred to substantial amounts. Substantial was defined in the instructions as "considerable in amount, value, or the like and also means large, as a substantial gain." Since these instructions were not objected to and were requested by the state they become the law of the case. *State v. Rayos,* 77 N.M. 204, 420 P.2d 314 (1967); *State v. Gutierrez,* 75 N.M. 580, 408 P.2d 503 (1965); *Griego v. Conwell,* 54 N.M. 287, 222 P.2d 606 (1950). We note in passing that §§ 72–13–85 and 86, supra, do not refer to substantial amounts but instead refer to "any tax." See *State v. Grijalva,* 85 N.M. 127, 509 P.2d 894 (Ct.App.1973). We further note that the power to define crimes is a legislative function. *State v. Allen,* 77 N.M. 433, 423 P.2d 867 (1967).

Defendant argues that since the " . . . total sum of the additional tax liability proved against the defendant was $1,200.00 spread over a twenty-four month period, or approximately $50.00 per month . . . " and since he was convicted of twenty-six felony counts the average amount would be somewhat less than $50.00. Defendant further argues that in some months the tax due was less than $10.00 and would certainly not meet the substantial amount requirement. We disagree.

Defendant asks us to rule as a matter of law that certain of the amounts due were not substantial. This we need not consider in light of the instructions.

The trial court's instruction No. 11 stated in part that: " . . . there did exist in New Mexico gross receipts tax for each of those months in an amount substantially in addition to what the defendant paid or in addition to the amount reported by him . . . the defendant willfully attempted to evade or defeat the substantial amount of New Mexico gross receipts tax due . . . ." Instruction No. 12 stated in part: " . . . a substantial amount of his taxes . . . that such obligation substantially exceeded the amount which may have been reported by him . . . ."

■ Reading the instructions as a whole, as we must (*State v. Rushing,* 85 N.M. 540, 514 P.2d 297 (1973)) we hold that the above quoted instructions defined "substantial amount" as it related to the difference of that paid or reported by the defendant and actual amount due or unreported. By this standard we cannot say as a matter of law that the amounts were not substantial.

### (c) *Four Counts of Tax Evasion Conviction*

■ Defendant's argument here concerns the first four counts of the tax evasion conviction. Defendant had been assessed and paid the Bureau in the sum of $20.00 on each count. Defendant's argument relates to the presumption of correction of the Bureau, § 72–13–32(C), supra, and that the state should now be estopped from imposing criminal liability against defendant when the situation was created by the state. Compare *United States v. Bureau of Revenue,* 87 N.M. 164, 531 P.2d 212 (Ct.App.1975). The state asserts the issue was not raised in the docketing statement. It was raised in the docketing statement. However, nowhere does defendant refer us to the appropriate transcript reference of how the issue was preserved for appellate review. N.M.Crim.App. Rule 205(a)(4). This does not meet the requirements of N.M.Crim.App. Rule 501(a)(3). Accordingly, we will not search the record to see if the issue was preserved. *City of Farmington v. Sandoval,* (Ct.App.) 90 N.M. 246, 561 P.2d 945, decided March 1, 1977; *Wilson v. Albuquerque Board of Realtors,* 82 N.M. 717, 487 P.2d 145 (Ct.App.1971).

## Instruction Given

■ Defendant contends that the giving of N.M.U.J.I.Crim. 1.50 in a tax fraud case is per se reversible error. Defendant recognizes that the issue was not raised in the trial court, that the challenged instruction has been made mandatory by our Supreme Court in every criminal case except for crimes not requiring criminal intent, and first and second degree murder and voluntary manslaughter. See Use Note to No. 1.50, supra. However, defendant feels compelled to raise the issue, because under the law, the instruction is so clearly wrong and that we may so hold notwithstanding *Alexander v. Delgado*, 84 N.M. 717, 507 P.2d 778 (1973).

Our answer is two-fold. First, the error was not preserved for review. N.M.Crim. App. Rule 308. Second, the instruction is made mandatory by Supreme Court Order Misc. 8000, dated June 24, 1975. *Alexander v. Delgado*, supra.

## Instruction Refused

■ Defendant in his post-trial motion, submitted affidavits of two jurors. We need not detail the contents of the affidavits. Suffice it to say, the affidavits attempted to impeach the verdict on the grounds that the jury only thought defendant would be required to pay the amounts due on his taxes. Defendant attempts to use the affidavits to support his argument that the trial court should have given his requested instruction which stated that each count charged was a felony.

Defendant recognizes that he must overcome the rule that juries should not be instructed as to penalties, (*State v. Brigance*, 31 N.M. 436, 246 P. 897 (1926)) and that affidavits of jurors may not be used to impeach their verdicts. Evidence Rule 606(b) being § 20–4–606(b), N.M.S.A. 1953 (Repl. Vol. 4, 1970, Supp.1975).

We need not detail our reasons. Those reasons are set forth in *Brigance,* supra, and the Committee Comments of Evidence Rule 606(b). The refusal to give the requested instruction was not error.

## Offer of Proof

■ In his opening statement defense counsel began to discuss that the defendant was being prosecuted because he was a candidate for district attorney. The state's (presentation to the grand jury and prosecution was being handled by the attorney general's office) objection to the opening statement was sustained. Defendant then tendered the balance of his opening statement as to what he would present at trial outside the presence of the jury. It was to the effect of why and how " . . . a prosecution of this type concerning rather insignificant amounts came to the attention of the authorities in the first place . . a prosecution that has got to cost . . . a minimum of twenty-five thousand dollars, and we are talking about $1,577.71 . . [t]here being no recorded cases of prosecution under those Statutes, indicates a singling out of one particular individual for prosecution . . . . It just happens I am the opponent of E. C. Serna, who is the incumbent District Attorney and candidate for District Attorney and who had knowledge that I was going to run against him . . . ." The defense also attempted to show that the district attorney was instrumental in getting the trial set.

The trial court ruled that the items tendered by defendant were not relevant to the issues at trial and further, that the trial was set but not at the district attorney's request. We agree that the tender was not relevant.

Rule of Evidence 401 states:

" 'Relevant evidence' means evidence having *any tendency* to make the existence of *any fact* that is *of consequence* to the determination of the action *more probable* or less probable *than it would be without the evidence.*" (Emphasis ours)

The Advisory Committee Note states:

"Problems of relevancy call for an answer to the question whether an item of evidence, when tested by the processes of legal reasoning, possesses sufficient probative value to justify receiving it in evidence . . . . .

" . . .

"Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case. Does the item of evidence tend to prove the matter sought to be proved? Whether the relationship exists depends upon principles evolved by experience or science, applied logically to the situation at hand . . . .

"The standard of probability under the rule is 'more . . . probable than it would be without the evidence.' Any more stringent requirement is unworkable and unrealistic . . . .'"

Accordingly under the foregoing tests of relevancy the trial court properly ruled the offer of proof inadmissible. It had nothing to do with the issues to be tried. It was irrelevant evidence. Rule of Evidence 402. The issues to be tried were defendant's failure to pay and report taxes due.

Affirmed.

IT IS SO ORDERED.

WOOD, C. J., and HERNANDEZ, J., concur.