760 P.2d 142

**Javier GARCIA LOPEZ, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

No. 17616.

Supreme Court of New Mexico.

Aug. 9, 1988.

Rehearing Denied Sept. 14, 1988.

Jacquelyn Robins, Chief Public Defender, Bruce Rogoff, Asst. Appellate Defender, Santa Fe, for petitioner.

Hal Stratton, Atty. Gen., Gail MacQuesten, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

WALTERS, Justice.

We issued a writ of certiorari to the court of appeals to review the affirmance of defendant's convictions. Defendant raised sixth amendment speedy trial and fifth amendment due process claims and issues concerning hearsay, probable cause, and insufficient evidence. Upon consideration of the case, we affirm the appellate court's resolution of all but the last issue, and we remand to the court of appeals to consider the claim of insufficient evidence on the charge of escape from custody.

The court of appeals advised in its notice of proposed affirmance that the evidence at trial was sufficient to warrant the defendant's conviction on the escape charge. It thus placed the case on its summary calendar. We agree, as the calendaring notice indicated, that an appellate court must review the evidence in a light most favorable to the State in determining whether the evidence at trial supports conviction, and that an appellate court will not substitute its judgment for that of the jury. *See State v. Lankford*, 92 N.M. 1, 2, 582 P.2d 378, 379 (1978). But we are perplexed in determining how the court could have reviewed the evidence when, on summary disposition, it did not have a transcript of the trial before it. An appellate court cannot make a determination of the sufficiency of the evidence when it has not reviewed the evidence presented at trial unless the facts of the docketing statement clearly establish no doubt of the sufficiency of the evidence.

Resolution of a case on summary calendar is appropriate only when the facts are undisputed or when "the application of legal principles to the facts involved is clear and where no genuine issue of substantial evidence is involved." *State v. Anaya*, 98 N.M. 211, 212, 647 P.2d 413, 414 (1982); *Garrison v. Safeway Stores*, 102 N.M. 179, 181, 692 P.2d 1328, 1330 (Ct. App.), *cert. denied*, 102 N.M. 225, 693 P.2d 591 (1984). When a case is assigned to summary calendar, the facts in the docketing statement are accepted as true unless

contested. `State v. Sisneros`, 98 N.M. 201, 202, 647 P.2d 403, 404 (1982). The docketing statement, fairly read, relates that defendant was abruptly awakened by the glare of flashlights in his eyes and bolted from the trailer because he didn't know who was there and was afraid he was being attacked by "enemies" in the neighborhood; and that he was not placed under arrest or in custody until he was tackled and handcuffed. The State did not file anything to dispute the docketing statement. The court of appeals had the obligation to order so much of the transcript as was necessary to resolve the factual issue on the charge of escape from custody. *See id.* at 203, 647 P.2d at 405 (Riordan, J., specially concurring).

We remand the appeal to the court of appeals to review the trial evidence regarding whether defendant was in the custody or control of police officers before he ran from the trailer, and to determine whether there was sufficient evidence to convict him of escape. *See* NMSA 1978, § 30–22–10 (Repl.Pamp.1984); SCRA 1986, 14–2223.

SCARBOROUGH, C.J., SOSA, Senior Justice, and STOWERS and RANSOM, JJ., concur.