771 P.2d 188

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Douglas H. HADLEY, Defendant–Appellant.**

**No. 10845.**

Court of Appeals of New Mexico.

Feb. 23, 1989.

Hal Stratton, Atty. Gen., Santa Fe, for plaintiff-appellee.

Daniel R. Marlowe, Taos, for defendant-appellant.

## OPINION

MINZNER, Judge.

Defendant appeals from his conviction for trafficking cocaine. The issue is whether the trial court erred in denying defendant's motion to suppress. The first and second calendar notices proposed summary affirmance. Defendant timely filed memoranda in opposition to proposed summary affirmance in response to the calendar notices. Having found defendant's memoranda unpersuasive, we affirm.

FACTS.

Sergeant Trujillo was informed by another officer of a Crimestoppers phone call advising that a subject by the name of Douglas Hadley might be selling drugs at the Sagebrush Inn in Taos, and that he also might be carrying a weapon. Trujillo and Officer Montez went to the Sagebrush Inn and found defendant sitting with some other people. Trujillo, who knew defendant, requested that defendant come outside with him. Trujillo advised defendant of a phone call tip that defendant might be carrying a weapon, to which defendant responded that he did not carry a weapon and that he did not have a weapon. Trujillo asked defendant if he would consent to a pat-down search. Defendant consented.

Trujillo testified at the suppression hearing that he noticed bulges in defendant's pockets and, thinking that the bulges might be a weapon, he searched defendant's pockets. Trujillo recovered a camera, a small chrome flashlight, and two plastic baggies containing what later proved to be packets of cocaine.

Defendant moved to suppress the cocaine, contending that his initial detention and questioning by Trujillo was not based on probable cause and, thus, was illegal and tainted the later search of his jacket and the seizure of the cocaine. The trial court denied defendant's motion to suppress. Defense counsel then discovered that defendant had been taking prescription drugs at the time of his arrest and moved for a rehearing.

Defendant presented evidence at the rehearing that at the time Trujillo and Montez approached him, he was under the influence of alcohol and prescription drugs. Defendant presented an affidavit from a doctor stating that a person taking the type of drug defendant was taking, while also consuming alcohol, would have an altered state of mind and would experience sedation, lightheadedness, and dizziness.

The trial court found that the stop and initial detention were not based upon objec-

tive articulable facts, and therefore were improper. However, the trial court denied defendant's motion to suppress, finding that defendant voluntarily consented to the search. Defendant pleaded guilty to trafficking cocaine and expressly retained his right to pursue an appeal of the denial of his motion to suppress.

DISCUSSION.

The sole issue raised on appeal is whether the trial court erred in denying defendant's motion to suppress. Defendant maintains that his consent to the search of his person could not be voluntary because the information given to him by the police at the time he consented was incomplete, and because he was under the influence of drugs and alcohol at the time of the search. In arguing his consent was not voluntary, we believe defendant has confused the scope of appellate review with the standard of proof required at trial. The appellate issue is not whether the consent was voluntary; rather, it is whether the trial court could properly find the consent to be voluntary.

Whether consent is voluntary is a question of fact to be determined by the trial court from all the evidence adduced upon this issue. *State v. Bidegain*, 88 N.M. 466, 541 P.2d 971 (1975). The appellate court determines only if the evidence, viewed in its most favorable light in support of the finding of the trial court, can be said to clearly and convincingly support the finding. *Id.*

■ We acknowledge, as defendant argues, that waiver of a basic constitutional right will not be presumed. *State v. Valencia Olaya*, 105 N.M. 690, 736 P.2d 495 (Ct.App.1987). Since voluntary consent is a substitute for one of the jealously guarded exceptions to the warrant requirement, it must be clear that actual consent was voluntarily given to overcome the presumption against waiver of a constitutional right. *Id.*

Defendant concedes in his memoranda that the facts presented at the rehearing by defendant and by the police pertaining to the arrest and alleged consent and waiver by defendant were different. Defendant further concedes that the trial court found that someone was not telling the truth, and believed the police version of what happened. Under these circumstances, we conclude we must affirm the trial court.

■ The trial court was entitled to find that the influence of the combination of medication and alcohol at the time of the search was not so great as to render defendant's consent involuntary or that the effects of sedation, lightheadedness, and dizziness did not invalidate his consent. We note that the doctor's affidavit, which is part of the record proper, indicates he was "unable to state with medical certainty" the degree of the effects. The trial court was entitled to disbelieve defendant's version. *See State v. Vigil*, 87 N.M. 345, 533 P.2d 578 (1975). Since the motion to suppress was denied, we are entitled to presume this is what happened. *See Dotson v. Grice*, 98 N.M. 207, 647 P.2d 409 (1982) (findings necessary to support judgment will be implied from entry of judgment); *accord State v. Garcia*, 98 N.M. 186, 646 P.2d 1250 (Ct.App.1982).

"The trial court's analysis of the relevant factors and its conclusion * * * are not subject to de novo review." *State v. Valencia Olaya*, 105 N.M. at 694, 736 P.2d at 499. Rather, the question is whether there was evidence from which the trial court might have found "defendant's consent was given freely and was sufficient to encompass the search that followed." *Id.* We are satisfied there was such evidence.

■ We note that defendant apparently consented only to a pat-down search. Defendant has not argued that the search of his pockets exceeded the scope of his consent. In any event, we believe the officer's testimony concerning the bulges supported a particularized belief that defendant might have a weapon. Under these circumstances, the officer did not exceed the scope of the consent. *Cf. State v. Cobbs*, 103 N.M. 623, 711 P.2d 900 (Ct.App.1985) (to conduct a frisk of a person suspected of engaging in a nonviolent offense, there must be articulable facts of potential danger).

■ Defendant contends his consent was invalid based on the officers' misrepresentation of their purpose. We disagree.

As in *United States v. Turpin*, 707 F.2d 332 (8th Cir.1983), the officers did not misrepresent the reason for their search. The officers accurately told defendant that they had a tip, which included information that defendant was carrying a weapon. Defendant does not state that he asked any questions or limited his consent. Therefore, we cannot say as a matter of law that the police officers' failure to tell defendant he was also suspected of selling drugs invalidated his consent. *See id.* The trial court could reasonably find that defendant did not rely on the officers' failure to disclose when he consented to the search. *Id.* For a court to find the arresting authority resorted to deception that would invalidate consent, there must be either an affirmative misrepresentation or silence that can be equated with fraud. *United States v. Tweel*, 550 F.2d 297 (5th Cir.1977). This is not such a case. *Compare id.* (court described conduct as a deliberate deception, when an internal revenue agent intentionally led defendant to believe that evidence would be used only in a civil investigation when, in fact, the agent was conducting a criminal investigation) *with United States v. Wuagneux*, 683 F.2d 1343 (11th Cir. 1982), *cert. denied*, 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983) (internal revenue agent need not expressly advise taxpayer that a civil audit may lead to criminal proceedings).

Defendant has argued that the officer's conduct in approaching him at the Sagebrush Inn invalidated his consent. We are not persuaded.

■ Defendant argues that, since the initial stop and detention were illegal, the later consent was tainted, and the trial court erred in failing to consider this as a factor in determining whether the evidence seized should be suppressed. A finding that a stop and detention were illegal does not provide a complete answer to whether there was a valid consent to search after an illegal stop, since a voluntary consent can validate what might otherwise be an illegal search and seizure. *See State v. Cohen*, 103 N.M. 558, 711 P.2d 3 (1985), *cert. denied*, 476 U.S. 1158, 106 S.Ct. 2276, 90 L.Ed.2d 719 (1986); *State v. Ruud*, 90 N.M. 647, 567 P.2d 496 (Ct.App.1977). Therefore, the trial court properly considered whether defendant's consent was voluntary after finding that the initial stop was illegal.

Defendant has argued that we need to review the transcript in order to determine the issue on appeal. To the extent defendant contends that we cannot determine the sufficiency of the evidence to support a trial court's findings without a transcript, we disagree. An appellate court may make a determination of the sufficiency of the evidence on summary disposition, if the facts of the docketing statement clearly establish no doubt of the sufficiency of the evidence. *Cf. Lopez v. State*, 107 N.M. 450, 760 P.2d 142 (1988) (holding the evidence provided in the docketing statement raised an issue of fact that could be resolved only after review of the transcript). That is because, in an appropriate case, the docketing statement and memoranda in opposition provide adequate alternatives to a complete transcript of proceedings. *See State v. Talley*, 103 N.M. 33, 702 P.2d 353 (Ct.App.1985).

We do not understand defendant's argument to be that the trial court was not aware of the proper standard, or that the court deliberately applied the wrong standard. Although defendant suggests the trial court's comments indicate the court ignored the proper standard, the specific comments related in the memoranda in opposition do not show the applicable law was ignored. It is defendant's burden under *State v. Sisneros*, 98 N.M. 201, 647 P.2d 403 (1982), to state specifically any factual basis for the claim of error. Thus, we view the argument on appeal as a claim that the trial court misapplied the applicable rules. Appellate review of that claim is limited to determining whether the evidence supports the ruling. *See State v. Valencia Olaya.* In this case, the recitation in defendant's own docketing statement and memoranda clearly establish no doubt as to the suffi-

ciency of the evidence upon which the trial court was entitled to find voluntary consent to search.

CONCLUSION.

Based on the reasons set out above, we cannot say the trial court erred in finding that the consent was voluntary under the totality of the circumstances. Therefore, we affirm the trial court's denial of defendant's motion to suppress.

IT IS SO ORDERED.

BIVINS, C.J., and CHAVEZ, J., concur.