IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.                                                    NO. 29,068

SABINO CALVILLO,

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

    Defendant appeals his convictions for possession of a controlled substance and battery on a peace officer. We issued a notice of proposed summary disposition,

proposing to affirm. Defendant has filed a combined motion to amend the docketing statement and memorandum in opposition. After due consideration, we remain unpersuaded by Defendant's assertions of error. We therefore affirm.

We will begin with the motion to amend. Such a motion will only be granted upon a showing that the supplemental issue is viable. *See State v. Moore*, 109 N.M. 119, 128-29, 782 P.2d 91, 100-01 (Ct. App. 1989) (providing that issues sought to be presented must be viable), *superseded by rule on other grounds as stated in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991). By his motion to amend, Defendant seeks to advance a claim of ineffective assistance of counsel. [MIO 1, 4-10] For the reasons that follow, we conclude that this issue is not viable. We therefore deny the motion.

In order to establish any entitlement to relief based on ineffective assistance of counsel, Defendant must make a prima facie showing by demonstrating that: (1) counsel's performance fell below that of a reasonably competent attorney; (2) no plausible, rational strategy or tactic explains counsel's conduct; and (3) counsel's apparent failings were prejudicial to the defense. *See State v. Herrera*, 2001-NMCA-073, ¶ 36, 131 N.M. 22, 33 P.3d 22 (setting out the factors for a prima facie case of ineffective assistance).

Defendant's claim of ineffective assistance is based on trial counsel's failure

to file a motion. [MIO 4-10] Specifically, Defendant contends that he was seized in violation of his constitutional rights and that all of the fruits of that seizure should have been suppressed. [MIO 4-10]

The sparsity of information presently available to the Court is a significant impediment. The pertinent historical events do not appear to have been developed on the record below. *See generally State v. Powers*, 111 N.M. 10, 12, 800 P.2d 1067, 1069 (Ct. App. 1990) (observing that an insufficient factual basis precludes appellate review of a claim of ineffective assistance of counsel). However, the record and Defendant's submissions to this Court provide *some* information about the events leading up to Defendant's arrest, in light of which we shall endeavor to briefly address the merits. *See generally Garcia Lopez v. State*, 107 N.M. 450, 450-51, 760 P.2d 142, 142-43 (1988) ("When a case is assigned to summary calendar, the facts in the docketing statement are accepted as true unless contested."); *State v. Torres*, 2005-NMCA-070, ¶ 13, 137 N.M. 607, 113 P.3d 877 ("To determine whether the facts support [a] motion, we evaluate the facts present in the record.").

In brief, two police officers observed Defendant riding a bicycle one evening. [MIO 2] When Defendant approached a residence, the officers stopped nearby and asked his name. [RP 7, 24] Defendant gave his name and indicated that he was there to visit a friend. [MIO 7; RP 26] The officers then departed, the exchange having

taken no longer than half a minute. [RP 22] The officers did not activate the lights, get out of the patrol car, or threaten Defendant in any way. [RP 21-22, 26] After departing, the officers called dispatch with Defendant's name and learned that he had a possible outstanding warrant. [MIO 3] The officers therefore returned to the vicinity and apprehended Defendant. [MIO 3]

Defendant contends that the initial encounter, in the course of which the officers asked his name and what he was doing, amounted to an unreasonable seizure of his person, such that all ensuing evidence should have been suppressed. [MIO 4-10] Trial counsel's failure to file a motion to this effect is the basis for Defendant's claim of ineffective assistance. [MIO 4-10]

"[A] seizure subject to Fourth Amendment scrutiny does not occur every time a police officer approaches a citizen." *State v. Jason L.*, 2000-NMSC-018, ¶ 14, 129 N.M. 119, 2 P.3d 856 (alteration in original) (internal quotation marks and citation omitted). "An officer may approach a person to ask questions . . . without any basis for suspecting that particular individual, as long as the police do not convey a message that compliance with their requests is required." *State v. Williams*, 2006-NMCA-062, ¶ 11, 139 N.M. 578, 136 P.3d 579 (internal quotation marks and citations omitted). In order to determine whether such a message was conveyed, our Supreme Court has noted that the following circumstances may be indicative: (1) "the

4

threatening presence of several officers," (2) "the display of a weapon by an officer," (3) "some physical touching of the person of the citizen," or (4) "the use of language or tone of voice indicating that compliance with the officer's request might be compelled." *Jason L.*, 2000-NMSC-018, ¶ 16 (internal quotation marks and citation omitted).

In this case, the record before us does not indicate that any of the foregoing facts were present. Nor do we find any other indication that the officers conveyed a message that compliance was required. As a result, trial counsel could reasonably have concluded that a motion to suppress would have been unwarranted because Defendant was not seized in the course of the initial encounter. We therefore conclude that Defendant has failed to make a prima facie showing of ineffective assistance of counsel. *See generally State v. Sanchez*, 98 N.M. 781, 783, 652 P.2d 1232, 1234 (Ct. App. 1982) (observing that failure to file a motion which lacks merit is not ineffective assistance).

In reliance on the case of *State v. Soto*, 2008-NMCA-032, ¶ 26, 143 N.M. 631, 179 P.3d 1239, *cert. granted*, 2008-NMCERT-002, 143 N.M. 667, 180 P.3d 674, Defendant contends that the officers' approach in a patrol car, when he was riding a bicycle, constituted a seizure. [MIO 4-10] However, unlike *Soto*, the initial encounter did not occur in the early hours of the morning in an isolated location, Defendant did

not stop in response to the officers' approach, and the officers did not request or retain Defendant's identification. *See id.* ¶¶ 12-13, 15. As a result, *Soto* is readily distinguishable.

In light of the foregoing, we conclude that Defendant has failed to make a prima facie showing of ineffective assistance of counsel. We therefore deny Defendant's motion to amend. *See generally State v. Ibarra*, 116 N.M. 486, 490, 864 P.2d 302, 306 (Ct. App. 1993) (observing that a motion to amend will be denied if the issue is not viable). To the extent that Defendant may wish to pursue the matter further, we suggest that habeas proceedings would be the appropriate avenue. *See generally State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776 ("A record on appeal that provides a basis for remanding to the trial court for an evidentiary hearing on ineffective assistance of counsel is rare. Ordinarily, such claims are heard on petition for writ of habeas corpus[.]"); *State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 ("This Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel.").

Defendant has also renewed his challenge to the sufficiency of the evidence to support his convictions. [MIO 10-13] We remain unpersuaded. As we observed in the notice of proposed summary disposition, ample direct and indirect evidence was

presented to support Defendant's convictions. *See generally State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988) (observing that direct and circumstantial evidence must be viewed in the light most favorable to the state, resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict).

To very briefly reiterate, the State called two officers who testified that they arrested Defendant on an outstanding warrant. [DS 2-3] While en route to the detention center, the officers observed Defendant attempting to consume and/or destroy a quantity of cocaine. [DS 3] After removing Defendant from the patrol vehicle and collecting the remains of the cocaine from the back seat, the officers attempted to re-secure Defendant's handcuffs. [DS 4] Defendant refused to cooperate and became aggressive. [DS 4] He struggled against the officers, evidently kicking and striking them in the process, such that the officers were eventually compelled to use a taser in order to subdue him. [DS 4] This testimony satisfied the State's burden of proof with respect to each of the elements of all of the offenses for which Defendant was convicted. *See generally* NMSA 1978, § 30-22-24 (1971) (describing the offense of battery on a peace officer); NMSA 1978, § 30-31-23 (2005) (describing the offense of possession of a controlled substance); *and see, e.g.*, *State v. Franco*, 2005-NMSC-013, ¶¶ 8-10, 137 N.M. 447, 112 P.3d 1104 (observing that the jury could infer that the defendant exercised control over cocaine and knew what it was or

believed it to be some other controlled substance based on evidence that she possessed it and attempted to destroy it before police could seize it); *State v. Lopez*, 2008-NMCA-111, ¶¶ 2-6, 15, 144 N.M. 705, 191 P.3d 563 (upholding convictions for battery on a peace officer under analogous circumstances).

For the reasons stated above and in the notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**


_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**LINDA M. VANZI, Judge**