Donald Barnes BRADLEY, Petitioner-Appellant,

v.

Henry E. COWAN, Warden, Kentucky State Penitentiary, Respondent-Appellee.

No. 73-2218.

United States Court of Appeals, Sixth Circuit.

Argued June 13, 1974.

Decided July 30, 1974.

Donald Cox (Court Appointed), Lynch, Sherman & Fowler, Louisville, for petitioner-appellant.

Kenneth A. Howe, Jr., Asst. Deputy Atty. Gen., for respondent-appellee; Ed W. Hancock, Atty. Gen., on brief.

Before PHILLIPS, Chief Judge, and EDWARDS and LIVELY, Circuit Judges.

PER CURIAM.

This is an appeal by a habeas corpus petitioner from the District Court's denial of his application.

Petitioner was convicted in a Kentucky trial court in 1967 of the offense of armed robbery and sentenced to life imprisonment. The Court of Appeals of Kentucky affirmed his conviction. Bradley v. Commonwealth, 439 S.W.2d 61 (1969), cert. denied, 397 U.S. 974, 90 S.Ct. 1091, 25 L.Ed.2d 268 (1970). In 1972 petitioner filed a motion to vacate his sentence pursuant to Kentucky Rule of Criminal Procedure 11.42. This motion was denied without an evidentiary hearing by the Kentucky trial court which subsequently was affirmed by the Court of Appeals of Kentucky. Thereafter, petitioner filed his habeas corpus application in the District Court.

In his effort to secure post conviction relief in the Kentucky and federal courts, petitioner advanced numerous contentions. On appeal to this court, petitioner pursues his contentions with respect to (1) the alleged deprivation of effective assistance of counsel and (2) his consent to a search of a hotel room in which incriminating evidence was found.

Petitioner contends that the District Court improperly denied him an evidentiary hearing on the issue of effective assistance of counsel. Petitioner alleged specific facts in the District Court to support his claim of collusion between the defense counsel, the assistant Commonwealth Attorney and certain private individuals.

■ At no stage in earlier proceedings has petitioner been accorded a hearing on this issue. That issue was not raised by petitioner until five years after his conviction and after his counsel had appealed his conviction to the Supreme Court are matters to be considered in weighing the merits of petitioner's allegations. However, even though the factual averments ultimately may be shown to be completely without foundation, they are sufficient to require an evidentiary hearing.

Accordingly, this case will be remanded to the District Court for an evidentiary hearing, as required by Townsend v. Sain, 372 U.S. 293, 312–313, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

Unlike the assistance of counsel issue, there is already substantial testimony in the record with respect to petitioner's alleged consent to the search of a hotel room. The presence of this testimony leads the Attorney General of Kentucky to assert that the dispute with respect to the consent issue is a legal, not a factual, one and, therefore, no hearing is required.

■ We recognize the rule that where a petition for habeas corpus raises a purely legal issue, no hearing is required. See, e. g., Barker v. Ohio, 330 F.2d 594 (6th Cir. 1964). However, in the circumstances of this case, we cannot conclude that either the state or federal courts have after a full hearing reliably found the relevant facts with respect to the consent issue. *Townsend, supra*, 372 U.S. at 313, 83 S.Ct. 745.

■ An evidentiary hearing is already required on remand on the assistance of counsel issue. At this evidentiary hearing, the parties should be permitted to introduce proof with respect to petitioner's alleged consent to a search of the hotel room in which incriminating evidence was found. The District Court should weigh both the evidence already in the record and any supplemental proof on the consent issue adduced at the evidentiary hearing.

■ It is well settled that one of the specifically established exceptions to the Fourth Amendment requirements of both a warrant and probable cause is a search conducted pursuant to consent. Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). When a prosecutor seeks to rely upon consent to justify the lawfulness of a search, he has the burden of proving the

consent was, in fact, freely and voluntarily given. Bumper v. North Carolina, 391 U.S. 543, 548, 88 S.Ct. 1788, 20 L.Ed. 2d 797 (1968). Furthermore, consent to a search must be "unequivocal and specific." Gatlin v. United States, 117 U.S. App.D.C. 123, 326 F.2d 666, 673 (1963), and authorities therein cited.

The judgment of the District Court is reversed. The case is remanded to the District Court for further proceedings not inconsistent with this opinion.