836 F.2d 548
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Nathaniel Henry WINSTON, Petitioner-Appellant,
v.
David A. GARRAGHTY, Attorney General of the State of
Virginia, Respondents-Appellees.
 No. 87-7116.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 30, 1987.
Decided Dec. 17, 1987.
 
 Nathaniel Henry Winston, appellant pro se.
 Richard Bain Smith, Assistant Attorney General, for appellees.
 Before WIDENER, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Nathaniel Henry Winston, a Virginia inmate, seeks a certificate of probable cause to appeal the judgment of the district court dismissing his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2254. Winston pleaded guilty in 1984 to seven counts of robbery and seven counts of illegal use of a firearm. He was sentenced to 26 years for the firearms convictions and to life on one of the robberies. Imposition of sentence was suspended on the other six robberies.
 
 In his petition Winston alleges that:
 
 2
 (1) His counsel was ineffective for advising him to plead guilty because his confessions should have been suppressed.
 
 
 3
 (2) His counsel was ineffective because he should have been aware that Winston's statements were obtained after an arrest without probable cause and thus subject to a Fourth Amendment attack.
 
 
 4
 (3) His counsel was ineffective at trial for not moving to withdraw petitioner's guilty pleas when it became apparent that the judge was basing his sentence on unrelated and irrelevant crimes committed by others.
 
 
 5
 (4) The trial court considered the extraneous facts of violence done in other offenses by other wholly unrelated offenders convicted of the same crime as the basis for imposing the maximum penalty upon the petitioner.
 
 
 6
 (5) Although there was a 'general agreement' between his attorney and the prosecutor where petitioner would testify for the state against his alleged co-defendant, the prosecutor reversed his position at sentencing and requested the maximum penalty.
 
 
 7
 (6) The Supreme Court of Virginia denied him due process in his state habeas corpus case.
 
 
 8
 The district court dismissed claim (3) because there was no indication of clear bias on the part of the trial judge. In the absence of such an indication there was no reason for counsel to seek to withdraw the guilty pleas on this basis, and he was not ineffective for failing to do so. As to claims (4) and (5) the court found that because the Virginia Supreme Court had found these claims to be procedurally barred, and because Winston had not shown cause and prejudice for his failure to comply with Virginia's procedures, federal review of the claims was similarly barred under Wainwright v. Sykes, 433 U.S. 72 (1977). Alternatively, as to claim (4), the court found that the record did not support Winston's contention that the judge was personally biased against him. Regarding claim (5), the court found that the record revealed that the prosecutor, the defendant, and defense counsel all acknowledged that there was no plea agreement. The court found that claim (6) did not entitle Winston to relief because it was an attack on a state post-conviction proceeding and, therefore, not cognizable in a federal habeas corpus action.
 
 
 9
 The court dismissed claims (3)-(6) and scheduled claims (1) and (2) for an evidentiary hearing. The court invited respondents to make additional submissions, should they desire to do so, in order to eliminate the need for an evidentiary hearing on these two claims. In response to the court's invitation, respondents filed a motion for summary judgment. Attached to the motion was an affidavit from Winston's trial counsel, and a transcript of Winston's confessions to numerous robberies. Winston was afforded the opportunity to respond to the motion for summary judgment, and was warned that failure to respond might result in the entry of judgment against him. Winston's response to the motion for summary judgment was not mailed until one day after the time afforded him by the court, and was not filed with the court until five days after the deadline.
 
 
 10
 By order entered February 18, 1987, the district court dismissed the remaining two claims without holding an evidentiary hearing. The court noted that Winston's response to the motion for summary judgment was untimely and would not be considered by the court. The court, after review of the attachments to respondent's motion for summary judgment, found that Winston's arrest was based upon probable cause and that Winston's confession to the multiple robberies was constitutionally adequate. The court found that counsel's advice to plead guilty was within the range of competence demanded of attorneys, and that the claims of ineffective assistance were without merit. See Hill v. Lockhart, 474 U.S. 52 (1985); Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 11
 Winston filed a timely motion for amendment of judgment pursuant to Fed.R.Civ.P. 59. In his motion Winston attempted to show excusable neglect for the late filing of his response to respondent's motion for summary judgment. Winston also attacked the court's decision on the merits of his claims. The court denied the Rule 59 motion. Winston also seeks to appeal this ruling.
 
 
 12
 We agree with the district court that none of Winston's claims entitle him to the relief he seeks. Additionally, we find no error in the court's failure to hold an evidentiary hearing on claims (1) and (2). The core of these two claims revolves around two factors, both of which present, on this record, legal issues not requiring an evidentiary hearing. Bradley v. Cowan, 500 F.2d 380, 381 (6th Cir.1974). The first is whether there was probable cause for Winston's arrest. The second, whether the police were required to advise Winston anew of his constitutional rights every time questioning began on a new robbery.
 
 
 13
 As to the first factor, the record supports the district court's conclusion that there was probable cause to arrest Winston. There being no Fourth Amendment claim, Winston's trial attorney was not ineffective for not seeking to suppress the confession on this ground. Similarly, we find no counsel ineffectiveness based upon Winston's counsel's failure to challenge the confession on the ground that new Miranda warnings were required every time a new robbery was discussed. The Supreme Court has recently addressed this issue and has decided it contrary to the view that Winston advances on appeal.
 
 
 14
 In Colorado v. Spring, 55 U.S.L.W. 4162 (U.S. Jan. 27, 1987) (No. 85-1517) the Supreme Court held that a suspect's awareness about all of the crimes about which he is to be questioned is not relevant in determining the validity of a decision to waive Miranda rights; therefore, failure to inform a suspect about the subject matter of the interrogation could not have affected his decision to waive his rights. In Spring the Court upheld the voluntariness of a confession even though the suspect was questioned about crimes different from the one for which he was arrested.
 
 
 15
 We have examined the transcript of Winston's confession to the multiple robberies and find no constitutional flaw requiring the grant of habeas corpus relief. We conclude that Winston's trial attorney was not ineffective for failing to make the challenge to the confession that Winston now contends should have been made, and conclude that counsel's advice to plead guilty was reasonable under all of the circumstances.
 
 
 16
 We turn now to the denial of the Rule 59 motion. In the motion Winston (1) sought to show excusable neglect for his failure to file a timely response to respondent's motion for summary judgment; and (2) moved the court to vacate the judgment in order for the court to consider Winston's late filings, and to reconsider its ruling on the merits. It is clear that Winston showed excusable neglect for his late filing; however, even had his submissions been considered prior to the entry of judgment he would not have been entitled to relief.
 
 
 17
 In deciding the Rule 59 motion, the district court considered Winston's late submissions and the additional arguments that he made, and concluded that Winston still was not entitled to habeas corpus relief. We agree. Nothing in the late submissions or in the other attachments to the Rule 59 motion required the district court to vacate its earlier judgment. Winston was entitled to have his late submissions considered and they were considered. We find no abuse of discretion in the district court's refusal to vacate its earlier judgment denying habeas corpus relief.
 
 
 18
 Accordingly, because the dispositive issues recently have been decided authoritatively, we deny a certificate of probable cause to appeal, dispense with oral argument and dismiss the appeal on the reasoning of the district court. Winston v. Garraghty, C/A No. 86-524-R (E.D.Va. Mar. 27, 1987).
 
 
 19
 DISMISSED.