**Kenneth Lee PARKER, Petitioner,**

v.

**Ronald J. ANGELONE, Director of the Virginia Department of Corrections, Respondent.**

**Action No. 2:96CV867.**

United States District Court,
E.D. Virginia,
Norfolk Division.

April 11, 1997.

Kenneth Lee Parker, Chesapeake, VA, pro se.

Wirt P. Marks, IV, Assistant Attorney General, Richmond, VA, for Respondent.

## FINAL ORDER

DOUMAR, District Judge.

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254.

The matter was referred to United States Magistrate Judge Tommy E. Miller pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Report of the Magistrate Judge was filed on February 25, 1997 recommending denial of the petition. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received petitioner's "Objections to Ma[gistrate's] Recommendations" on March 13, 1997.

The Court, having examined the objections filed by the petitioner to the United States Magistrate Judge's Report and having reviewed the Report *de novo,* hereby adopts and approves the findings and recommendations set forth in the Report of the United States Magistrate Judge filed February 25, 1997. The Court agrees with the Magistrate Judge's Report and Recommendation on the grounds stated by the Magistrate Judge, and therefore the Court hereby adopts Magistrate Judge Miller's Report and Recommendation in its entirety as the Court's own opinion.

■ To make the most salient point in the Report and Recommendation abundantly clear, that point is restated here: a decision by a state court summarily dismissing a petitioner's claim as "frivolous" is an adjudication on the merits within the meaning of 28 U.S.C. § 2254(d). As such, the petitioner's subsequent application in federal court for a writ of habeas corpus can only be granted if that state adjudication "(1) resulted in a decision that was contrary to . . . clearly estab-

lished Federal law . . . or (2) resulted in a decision that was based on an unreasonable determination of the facts. . ." 28 U.S.C. § 2254(d).

It is, therefore, **ORDERED** that the petition be **DENIED** and **DISMISSED** and that judgment be entered in favor of the respondent.

■ Petitioner has also filed a Motion for Discovery. Petitioner can only conduct discovery in a habeas action with leave of court. *See* Rule 6 of Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Nelson,* 394 U.S. 286, 295, 89 S.Ct. 1082, 1088–89, 22 L.Ed.2d 281 (1969). The claims to which the discovery materials sought by Petitioner pertain cannot be heard by this Court, as this Court may not grant relief on any, claim that the Supreme Court of Virginia adjudicated on the merits unless one of two statutory exceptions applies, which is not the case here. Therefore, this Court hereby DENIES petitioner's Motion for Discovery.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a *written* notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within 30 days from the date of entry of such judgment. For the reasons stated in the Magistrate Judge's Report, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability.

The Clerk is **DIRECTED** to mail a copy of this order to petitioner and counsel for respondent.

**IT IS SO ORDERED.**

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

MILLER, United States Magistrate Judge.

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge

pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

## I. STATEMENT OF THE CASE

### A. Background

Petitioner Kenneth L. Parker was initially convicted of two counts of burglary on January 13, 1988 in Newport News Circuit Court, and was given a ten (10) year sentence. Petitioner was released on mandatory parole on July 21, 1995.

Petitioner filed a petition for writ of habeas corpus with the Supreme Court of Virginia on May 20, 1996. The petition was dismissed as frivolous on July 1, 1996.

Petitioner, presently in the custody of the Virginia Department of Corrections at the Indian Creek Correctional Center in Chesapeake, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 26, 1996. On December 6, 1996, respondent filed an answer and a motion to dismiss with accompanying brief in support. Petitioner filed a brief in opposition to the motion on January 23, 1997.

### B. Grounds Alleged

The petitioner now asserts in this Court that the following entitle him to relief under 28 U.S.C. § 2254:

(a) denial of due process and equal protection of the law by the Virginia Parole Board's revocation of petitioner's good time credit;

(b) denial of due process when the Department of Corrections took away petitioner's good time credits at the direction of the Virginia Parole Board;

(c) violation of the ex-post facto clause of the Constitution as a result of the change in application of state law on parole violations.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

As petitioner filed his federal habeas petition after the effective date, the standard of review in this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104–132, 110 Stat. 1214, which was signed into law on April 24, 1996. Title I of the AEDPA provides for habeas corpus reform in both capital and non-capital cases. Section 104 of the AEDPA amends 28 U.S.C. § 2254. Accordingly, the standard of review in this case is governed by 28 U.S.C. § 2254(d), as amended by the AEDPA.

The new § 2254(d) governs the treatment federal courts must give to previous state court adjudications on the merits. Pursuant to this section, a federal court may not grant relief on any claim that the Supreme Court of Virginia adjudicated on the merits unless the Supreme Court of Virginia's adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)($l$)-(2).

In general, § 2254(d) requires the federal court to make two types of judgments in the process of adjudicating legal issues. First, the court must decide whether there is a qualifying state court decision. The claim must have been "adjudicated on the merits in State court proceedings ... result[ing] in a decision." 28 U.S.C. § 2254(d) (preamble); id. § 2254(d)(1). If there is a qualifying state decision, the application shall not be granted with respect to that claim unless the decision was (1) contrary to, or an unreasonable application of, a clearly established Supreme Court decision, or (2) based on an unreasonable determination of facts. With these provisions, the de novo review put into place by Brown v. Allen, 344 U.S. 443, 458, 73 S.Ct. 397, 407–08, 97 L.Ed. 469 (1953), is abrogated. The focus of federal court review is now the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves.

When the issue tendered to the federal court in a habeas proceeding is the application of a settled principle to the facts of the

case, under the new amendments, the petitioner must show that the state court's determination was not merely incorrect, but "unreasonable." 28 U.S.C. § 2254(d)(1). The Fifth Circuit Court of Appeals has stated that under this section, an application of law to facts is "unreasonable" only when:

it can be said that reasonable jurists considering the question would be of one view that the state court ruling was incorrect. In other words, we can grant habeas relief only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists.

*Drinkard v. Johnson,* 97 F.3d 751, 768 (5th Cir.1996).

In this case, petitioner's state habeas petition was denied and dismissed as frivolous. This Court must determine whether the Virginia Supreme Court's dismissal of a case as frivolous qualifies as an adjudication on the merits, as contemplated by 28 U.S.C. § 2254(d). Section 2254(d), as amended, imposes a presumption of correctness of a state court's legal conclusion, and that presumption may be rebutted only under limited circumstances. 28 U.S.C. § 2254(d). A state court decision must satisfy four prerequisites in order to qualify under § 2254(d). There must be: [1] a state court *adjudication,* [2] *on the merits,* [3] in formal *state court proceedings,* and [4] the adjudication must have *resulted in a decision.* 28 U.S.C. § 2254(d). Clearly in this case there were formal state court proceedings that resulted in the decision to dismiss the case as frivolous. The question remains as to whether this decision constitutes an adjudication on the merits. If so, then this court cannot grant relief unless such decision is contrary to well-established federal law or is an unreasonable determination of the facts of the case. The Respondent has the burden of raising this issue, but has failed to do so in this case. In this case, however, the Court will explore the significance of the matter and resolve the issue, as this Court is frequently confronted with this situation.

■ It can be argued that without an explanatory decision from the state supreme court, a reviewing federal court cannot determine what factors the state court relied upon

in rendering its decision, and that a summary denial of relief may not suffice under the new statute. See Liebman, James S., "The New Habeas: The Standard for Adjudicating Legal Questions," *New Developments in the Federal Law of Habeas Corpus,* Federal Judicial Center, Sept. 12, 1996, p. 221–23. However, the starting point in statutory interpretation is "the language [of the statute] itself." *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 756, 95 S.Ct. 1917, 1935, 44 L.Ed.2d 539 (1975) (Powell, J., concurring). Courts must "assume that the legislative purpose is expressed by the ordinary meaning of the words used." *American Tobacco Co. v. Patterson,* 456 U.S. 63, 68, 102 S.Ct. 1534, 1537, 71 L.Ed.2d 748 (1982). With the language of § 2254(d) controlling the analysis, this Court cannot read a requirement into the statute that simply does not exist. Section 2254(d) does not require an explanatory decision from the state court; rather, it enables the reviewing federal court to look to the bottom-line "decision" and apply the "contrary to . . . law" standard of review. There is no requirement in the statute that the state court decision be detailed or explanatory in nature for § 2254(d) to apply. Therefore, a court's summary denial of relief and subsequent dismissal of a petition as "frivolous" may qualify as a "decision" to which § 2254(d) may apply.

Frivolous may be defined as meaning "of little weight or importance; having no basis in law or fact." *Webster's Third New International Dictionary* 913 (3d ed.1986). To be "frivolous" is to be "without merit", and the two phrases are often used interchangeably. *McCoy v. Court of Appeals of Wisconsin, District 1,* 486 U.S. 429, 438, n. 10, 454, 108 S.Ct. 1895, 1902, n. 10, 1910, 100 L.Ed.2d 440 (1988); *Barefoot v. W.J. Estelle, Director, Texas Dept. of Corrections,* 463 U.S. 880, 894, 103 S.Ct. 3383, 3395, 77 L.Ed.2d 1090 (1983). A claim determined to be frivolous is not only without merit, but it utterly lacks merit to the extent that it may potentially be trivial or insignificant. To determine if a claim is frivolous, it is necessary for a court to closely examine the alleged merits of the claim. Accordingly, the Supreme Court of Virginia had to reach the merits of the petition to deter-

mine whether it was frivolous. Therefore a dismissal of a state habeas petition as frivolous qualifies as an adjudication on the merits under 28 U.S.C. § 2254(d).

The Supreme Court of Virginia, by unpublished opinion dated July 1, 1996, dismissed petitioner's state habeas petition as frivolous. This Court construes that ruling as one on the merits, and accordingly recommends the petition be DENIED pursuant to 28 U.S.C. § 2254(d), as amended by the AEDPA. This Court may not grant relief on any claim that the Supreme Court of Virginia adjudicated on the merits unless one of two statutory exceptions applies. This case does not involve a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, nor has it resulted in a decision that was based on an unreasonable determination of the facts. Rather, this case involves a frivolous petition, as determined by the Virginia Supreme Court. Moreover, this Court has reviewed the pleadings and attached exhibits and agrees that petitioner's claims are utterly without merit and are frivolous. This decision furthers the policy behind the Anti-Terrorism and Effective Death Penalty Act by allowing greater deference to state court decisions in habeas corpus cases.

 Petitioner has demanded an evidentiary hearing on his claims. However, no evidentiary hearing is required where purely legal issues are presented. *See, e.g., Bradley v. Cowan*, 500 F.2d 380, 381 (6th Cir.1974). The facts needed to decide the legal issues here are not in dispute, and can be gleaned from the records before this Court. *See, e.g., Foster v. Barbour*, 613 F.2d 59, 60–61 (4th Cir.1980). Therefore, this Court DENIES petitioner's request for an evidentiary hearing, as well as the Petitioner's motion for discovery.

## III. *RECOMMENDATION*

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DENIED.

Pursuant to 28 U.S.C. § 2254(d), this Court may not grant relief where there has been an adjudication on the merits by the Virginia Supreme Court, unless the decision was (1) contrary to, or an unreasonable application of, a clearly established Supreme Court decision, or (2) based on an unreasonable determination of facts. 28 U.S.C. § 2254(d). The Virginia Supreme Court dismissed petitioner's claims as frivolous. This qualifies as an adjudication on the merits, and as none of the statutory exceptions apply, this Court should not grant relief in this matter.

Further, petitioner's request for an evidentiary hearing is hereby DENIED.

In addition, it is recommended that the Court decline to issue any certificate of appealability as required by Rule 22(b) of the Federal Rules of Appellate Procedure.

## IV. *REVIEW PROCEDURE*

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir.1984), *cert. denied*, 474 U.S. 1019, 106 S.Ct. 567, 88 L.Ed.2d 552 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*,

467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984).

Norfolk, Virginia

February 25, 1997