Argued April 18, affirmed May 6, reconsideration denied June 6, petition for review allowed June 25, 1974

# STATE OF OREGON, *Respondent,* v. JOHN BOWMAN MILLER (No. 73 1473), *Appellant.*

521 P2d 1330

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Timothy Wood,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C. J.

After being charged with first degree robbery, ORS 164.415, and being an ex-convict in possession of a concealable firearm, ORS 166.270, defendant moved to suppress evidence seized during a search of his person and automobile. The state moved for an order summarily denying the motion on the ground that the motion was vague and conclusory. The trial court agreed with the state and, without holding an evidentiary hearing on the motion, denied it. Defendant was convicted on both charges and now appeals, claiming it was error to not afford him an evidentiary hearing on his motion to suppress.

This claim presents two questions: (1) did the motion to suppress comply with the specificity requirements of our decision in *State v. Johnson/Imel,* 16 Or App 560, 519 P2d 1053 (1974); and (2) did the motion to suppress comply with the specificity requirements of Lane County Circuit Court Rule 7.015, which provides:

"(1) All motions to suppress evidence must be accompanied by an affidavit or affidavits on behalf of the defendant setting forth all facts within his knowledge upon which he intends to rely in support of the motion. The motion shall make specific reference to any constitutional provision, statute, rule, case or other authority upon which it is based and shall be accompanied by the moving party's brief which shall be adequate reasonably to apprise the court and the adverse party of the facts, arguments and authorities relied upon. Any opposition to a motion to suppress together with any opposing affidavits upon which it is based shall be in writing and shall be served and filed not more than seven (7) days after the motion to suppress has been filed. The opposition shall state the grounds thereof and, if the relief or order requested is not opposed, wholly or in part, a specific statement of the extent to which it is not opposed. Any opposition shall make specific reference to any affidavits relied on and shall be accompanied by an opposition brief adequate reasonably to apprise the court and moving parties of the arguments and authorities relied upon.

"(2) When averments in an affidavit are made upon information and belief, the affidavit shall indicate the basis thereof.

"(3) Unless otherwise ordered or permitted by the court, motions involving issues of fact shall be initially made and opposed upon affidavits. The court shall order an evidentiary hearing if necessary to resolve any conflicts on issues of fact presented by the affidavits."

Defendant's motion to suppress was submitted with a supporting affidavit and brief. The motion stated that the "search was warrantless," and that no "probable cause existed." The affidavit, executed by defendant's counsel, stated that based on discussions with his client counsel believed it "may be true" that "the officers who made such search did not have a search warrant" and that "the officers did not have probable cause to make a search." Defendant's trial brief in support of his motion to suppress again stated the officers who made the search did not have a warrant and argued warrantless searches "are per se unreasonable."[1]

■ In *Johnson/Imel* we held that "a written motion to suppress evidence must specify with particularity the grounds upon which the motion is based." 16 Or App at 562. By way of illustration, we stated that a motion claiming "there was no probable cause to arrest" could be sufficient. 16 Or App at 568. Applying that standard, we here conclude that while the motion and supporting documents are, as the state correctly points out, generally conclusory, they do contain the minimum specificity required by *Johnson/Imel*.

The primary thrust of *Johnson/Imel* is to require specificity in the statement of defendant's legal theory. Lane County Circuit Court Rule 7.015 requires sub-

---

[1] The usual formulation is: "* * * Searches and seizures conducted without search warrants 'are *per se* unreasonable,' *subject to* 'a few specifically established and well-delineated *exceptions*,' and that the application of these exceptions is dependent upon the presence of 'exigent circumstances.' * * *." State v. Douglas, 260 Or 60, 67-68, 488 P2d 1366 (1971), *cert denied* 406 US 974 (1972), quoting from Coolidge v. New Hampshire, 403 US 443, 91 S Ct 2022, 29 L Ed 2d 564 at 576, 588 and 590-592 (1971). (Emphasis supplied.)

stantially more: "an affidavit or affidavits on behalf of the defendant setting forth *all facts within his knowledge* upon which he intends to rely in support of the motion [to suppress]." (Emphasis supplied.) During oral argument on the state's motion to summarily deny the motion to suppress the circuit court attempted to explain this requirement of the rule to defense counsel:

"THE COURT: * * * [C]ouldn't somebody set out the facts in regard to this search and what happened?

"* * * [Defense counsel]: * * * I'm sure he could tell what happened at the time some of the things were seized from him.

"THE COURT: Okay, every time when you got a motion to surpress [sic] evidence and the defendant takes the stand and he raises the right hand and he says, this is the way it happened * * * and he said this to me and I said that to him and we said that to each other * * * have you ever heard one of those?

"* * * [Defense counsel]: Yes, Your Honor.

"THE COURT: Well, that's the solution. If he can say it from the witness stand, why can't somebody say it in an affidavit?

"* * * * * *

"* * * [Defense counsel]: That's right, Your Honor. I agree with that. He could set forth what actually occurred in front of him that he can recall.

"* * * * * *

"THE COURT: Well, of course I think * * * that's exactly what the rule contemplates, it contemplates that sort of thing."

The implication is clear that the court, although not necessarily required to do so, was inviting defense counsel to file an affidavit setting forth the facts of the search. Defense counsel persisted in his refusal to

do so, and instead stood on an affidavit that set forth none of the facts of the search.

■ Defendant's supporting affidavit was in violation of Rule 7.015. The circuit court acted properly in denying defendant's motion to suppress for this reason.

We know of no reason Rule 7.015 might be invalid. As of the date of the order denying defendant's motion to suppress, circuit courts were authorized to:

> "Make and promulgate all rules and regulations necessary and convenient to facilitate the transaction of the judicial business ·of the circuit court * * *." ORS 3.220 (1) (b).②

Statutory authority to adopt the rule thus existed.

■ Rule 7.015 does not violate any constitutional provision. The wording of Rule 41 (e) of the Federal Rules of Criminal Procedure is somewhat similar to the wording of Rule 7.015 of the Lane County Circuit Court. In applying the federal rule, the federal courts have often denied criminal defendants evidentiary hearings on vague and conclusory motions to suppress. *See, United States v. Poe,* 462 F2d 195 (5th Cir 1972); *United States v. Culotta,* 413 F2d 1343 (2d Cir 1969); *Cohen v. United States,* 378 F2d 751, 5 ALR Fed 147 (9th Cir 1967). No court has previously suggested this is unconstitutional, nor do we.

Affirmed.

---

② By virtue of Oregon Laws 1973, ch 484, § 3, p 1010, a new sentence was added to ORS 3.220 (1) (b). It reads: "However, all forms of pleadings of the circuit court shall comply with rules adopted under ORS 1.002."

ORS 1.002, as amended at the same time, now provides the "Supreme Court may adopt rules prescribing the form of all * * * written pleadings submitted in all * * * criminal proceedings in all of the courts of this state * * *." Oregon Laws 1973, ch 484, § 1 (2), p 1009.