619 P.2d 190

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Eugene PADILLA, Defendant–Appellant.**

**No. 4488.**

Court of Appeals of New Mexico.

Oct. 2, 1980.

John B. Bigelow, Chief Public Defender, Michael Dickman, Asst. Appellate Defender, Santa Fe, for defendant–appellant.

Jeff Bingaman, Atty. Gen., Lawrence A. Barela, Asst. Atty. Gen., Sante Fe, for plaintiff–appellee.

## OPINION

WALTERS, Judge.

Defendant asks reversal of his conviction for second–degree murder, arguing that a confession admitted into evidence should have been suppressed because it was tainted by an earlier statement, most of the earlier statement having been ruled inadmissible by the trial court. We affirm.

In *State v. Austin*, 91 N.M. 586, 577 P.2d 894 (Ct.App.1978), we said that the burden was on the State, after a first statement had been suppressed, to show that a second (or third) inculpatory statement was voluntary, and of so persuading the trial court. This case differs from *Austin* in that there was a break in the stream of events here, defendant having been placed in custody on the afternoon of June 21st following his first confession, and having made the second confession some time after 10 a. m. the next morning. Both confessions were made after defendant had been advised of and had acknowledged in writing his *Miranda* rights. The first confession was found by the trial court to have been improperly induced by the interrogator's references to leniency, made some time *after* defendant signed the waiver of rights form. The re—acknowledgment and waiver by defendant of his *Miranda* rights before he gave his second confession expressly stated: "No promises or threats have been made to me and no pressure or coercion of any kind has been used against me." The transcript of the second statement confirms that no promises were made nor coercion exercised during the course of the second statement.

■ Nothing in this record indicates that defendant's second statement was obtained by the sort of deception practiced in *Austin* ; that defendant expected leniency (in contradiction of his acknowledgment that the statement was being taken without promises, threats, pressure or coercion), as appeared in *Austin* ; that the second confession occurred during a continuation of the prior statement, as in *Austin* ; or that anyone knew or entertained the thought that the second statement was given by defendant because he believed he had been promised leniency, as in *Austin*.

The second confession does contain three questions referring to the confession the day before. The first was early in the statement, inquiring whether defendant told the interrogator "yesterday in our interview . . . that you did in fact kill [the victim]." He was later asked whether he had told the questioner "yesterday that there was an argument . . . [and] she started shoving [defendant]," and whether "you told me yesterday you knew she was dead when she changed colors."

■ Those questions pose considerable difficulty because they clearly show a connection with, rather than a separation from, the illegal portion of the defendant's first statement. *See Austin, supra*, 91 N.M. at 590, 577 P.2d at 898. The absence in the later statement of attenuation and freedom from an inference of exploitation of the first illegally obtained and suppressed statement ordinarily would require a much stronger showing than was made in this case to overcome the presumption of taint attaching from the first statement. See *Austin, supra* ; *State v. Dickson*, 82 N.M. 408, 482 P.2d 916 (Ct.App.1971); *State v. Chaves*, 27 N.M. 504, 202 P. 694 (1921).

■ We are unable to hold, however, that the second statement should also have been suppressed because the propriety of the trial court's ruling is judged against all of the evidence produced at trial rather than just that which was presented at the suppression hearing. *State v. Martinez*, 94 N.M. 436, 612 P.2d 228 (1980). Defendant advises us in his docketing statement that he took the stand and testified in his own behalf. Facts in the docketing statement and not objected to are accepted by this court as the facts, for purposes of review. *State v. Pohl*, 89 N.M. 523, 554 P.2d 984 (Ct.App.1976). The transcript of defendant's testimony, however, was not included in the record now before us. Furthermore, the record does not contain defendant's description of the parts of the trial to be transcribed, nor does it reflect a designation conference to settle the appellate record. N.M.R.Crim.App.P. 209(a), N.M.S.A.1978.

It is defendant's burden to bring up a record sufficient for review of the issues he raises on appeal. *State v. Duran*, 91 N.M. 756, 581 P.2d 19 (1978). We have no idea what his trial testimony was. Consequently, resolving all inferences in favor of the trial court's ruling, *State v. Keyonnie*, 91 N.M. 146, 571 P.2d 413 (1977), we must assume that in the trial as a whole there was sufficient evidence of the statement's admissibility to support the court's refusal to suppress the second statement. *Martinez, supra.*

Defendant's conviction and sentence are affirmed. It is so ordered.

WOOD, C. J., and ANDREWS, J., concur.