This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **NO. 33,289**

**RICQUAN THOMAS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline Flores, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}    Defendant appeals from the district court's judgment affirming his convictions

for driving while intoxicated (DWI) and failing to stop at a stop sign, in an on-record

appeal from metropolitan court. [RP 3, 68, 76] In our notice of proposed summary disposition, we proposed to affirm. In response to this Court's notice, Defendant has filed a memorandum in opposition, which we have duly considered. Because we do not find it persuasive, we affirm.

{2} Defendant claims that he was subject to a de facto arrest and the metropolitan court erred by denying his motion to suppress Officer Martinez's testimony. [DS 5, 6] In this Court's notice of proposed summary disposition, we proposed to hold that the metropolitan court did not err when it denied his motion to suppress because Defendant was not subject to a de facto arrest. [CN 2] Accordingly, we proposed to affirm Defendant's convictions. [CN 6]

{3} While we acknowledged that there was conflicting testimony from the officers with respect to the amount of time it took the DWI officer, Officer Martinez, to respond to Officer Jojola's request for assistance, we proposed to conclude that the district court properly concluded that it is for the factfinder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay. [CN 4] *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482; *see also State v. Goss*, 1991-NMCA-003, ¶ 17, 111 N.M. 530, 807 P.2d 228 ("Where the evidence is conflicting it is for the trial court to resolve disputed factual issues."). Viewing the evidence in the light most favorable to the State, the district court

deferred to the metropolitan court's findings and concluded that there was sufficient evidence to support a finding that Defendant was detained for less than twenty minutes before the DWI officer arrived, which was reasonable and did not ripen into a de facto arrest. [RP 74-75] Because Defendant failed to point to any errors in the district court's analysis, we proposed to affirm. [CN 5-6]

{4}     In Defendant's memorandum in opposition, he continues to make the same arguments raised in his statement of the issues before the district court and in his docketing statement. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. Defendant's memorandum provides no facts or authority that this Court has not already considered or that persuade this Court that its proposed summary disposition should not be made.

{5}     Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we affirm.

{6}     **IT IS SO ORDERED.**


_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**


_____
**J. MILES HANISEE, Judge**