The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published.  The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: **April 12, 2022**

**No. A-1-CA-38654**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**DAVIS HEBENSTREIT a/k/a
DAVIS TODD HEBENSTREIT,**

Defendant-Appellee.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Courtney B. Weaks, Metropolitan Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Meryl Francolini, Assistant Attorney General
Albuquerque, NM

for Appellant

Joseph Sullivan
Albuquerque, NM

for Appellee

## OPINION

**BOGARDUS, Judge.**

{1}     The March 24, 2022, memorandum opinion is withdrawn, and this formal opinion replaces it based on the April 8, 2022, order granting the State's motion to publish. The State appeals the metropolitan court's order dismissing without prejudice the State's criminal complaint against Defendant Davis Hebenstreit. The metropolitan court dismissed the complaint based on the unavailability of a State witness at trial. The State argues the metropolitan court erred in dismissing the complaint because the witness was not necessary to the prosecution of the case. We reverse and remand.

## BACKGROUND

{2}     This case arises from a stop at a sobriety checkpoint. Defendant was stopped at the checkpoint and later charged with aggravated DWI based on refusal to submit to chemical testing, pursuant to NMSA 1978, Section 66-8-102(D)(3) (2016).

{3}     Defendant filed a motion to suppress based upon lack of reasonable suspicion to detain Defendant. The motion included the statement, "[D]efendant was detained by law enforcement[] unlawfully" and argued that Deputy Gallegos—the officer who made contact with Defendant at the checkpoint—"did not have reasonable suspicion to detain [D]efendant initially [or] . . . beyond the scope of the initial traffic stop."

**{4}** On October 30, 2019, the parties convened for a bench trial. The State indicated it was ready to proceed to trial and that Deputy Gallegos and Sergeant LeCompte—the sobriety checkpoint's supervising officer—would be available to testify. Defendant, however, stated he was not ready to proceed because, while he had interviewed Deputy Gallegos, he had not yet had the opportunity to interview Sergeant LeCompte. The State responded that Defendant's motion to suppress did not challenge the constitutionality of the sobriety checkpoint itself, and therefore Sergeant LeCompte's testimony was "technically not relevant" because it was Deputy Gallegos who made contact with Defendant at the sobriety checkpoint and conducted the field sobriety test. Defendant answered that his motion was a "place marker" until he could interview Sergeant LeCompte. Defendant also argued that, since a sobriety checkpoint is an exception to the Fourth Amendment of the United States Constitution and Article II, Section 10 of the New Mexico Constitution, the State had the burden of showing that the checkpoint was constitutional, and Sergeant LeCompte was therefore a necessary witness. In response, the metropolitan court issued a subpoena for a pretrial statement from Sergeant LeCompte and reset the trial for a later date. Defendant interviewed Sergeant LeCompte on November 21, 2019.

**{5}** At the rescheduled bench trial on December 3, 2019, Deputy Gallegos was present but Sergeant LeCompte was unavailable to testify. After considering the

requirements governing motions under Rule 7-304 NMRA, the metropolitan court concluded that Defendant's motion "was made as a place marker with enough specificity to trigger . . . the [necessity]" of Sergeant LeCompte's testimony at trial. The court therefore dismissed the case without prejudice. The State appeals.

**DISCUSSION**

{6}     The State argues the metropolitan court erred in concluding that Defendant's motion to suppress attacked the constitutionality of the sobriety checkpoint with adequate particularity as required by Rule 7-304. Because Defendant's motion did not challenge the checkpoint's constitutionality with sufficient particularity, the State contends Defendant waived this issue for purposes of trial. And because Defendant had waived any challenge to the checkpoint's constitutionality, the State argues, Sergeant LeCompte's testimony—which would have been limited to addressing the checkpoint's constitutionality—was unnecessary and irrelevant to the prosecution of the case. As a result, the State argues the metropolitan court erred in dismissing the complaint due to Sergeant LeCompte's unavailability at trial.

{7}     Defendant argues that his motion to suppress, which challenged his detention and invoked the Fourth Amendment and Article II, Section 10, sufficiently raised the constitutionality of the checkpoint to shift the burden to the State to prove Defendant's detention was lawful. Likewise, Defendant contends that his oral arguments before the metropolitan court sufficiently raised the constitutionality of

3

the checkpoint by arguing that a sobriety checkpoint is an exception to the Fourth Amendment and Article II, Section 10, and therefore the State had the burden to show the checkpoint was constitutional. Defendant urges us to review the dismissal of the complaint under an abuse of discretion standard.

{8}	"This case requires us to interpret and apply the New Mexico Rules of Criminal Procedure . . . . The proper interpretation of our Rules of Criminal Procedure is a question of law that we review de novo." *Allen v. LeMaster*, 2012-NMSC-001, ¶ 11, 267 P.3d 806. Rule 7-304(B) provides in relevant part that motions to the metropolitan court "shall state with particularity the grounds therefor." *Accord State v. Goss*, 1991-NMCA-003, ¶ 13, 111 N.M. 530, 807 P.2d 228 ("Generally, motions to suppress must set out with particularity the grounds relied on for the relief sought."). "[The d]efendants have the burden to raise an issue as to their illegal search and seizure claims. Once they have done so, the burden shifts to the [s]tate to justify the warrantless search or seizure." *State v. Ponce*, 2004-NMCA-137, ¶ 7, 136 N.M. 614, 103 P.3d 54 (alterations, internal quotation marks, and citation omitted). Because this case turns on whether Defendant sufficiently raised an issue as to the illegality of the sobriety checkpoint, we consider the metropolitan court's application of Rule 7-304 in light of our law governing the legality of these checkpoints. "Although there is no question that a [sobriety checkpoint] is a seizure, a [checkpoint] does not require reasonable suspicion or probable cause with respect

4

to a particular motorist." *State v. Bates*, 1995-NMCA-080, ¶ 9, 120 N.M. 457, 902 P.2d 1060. "[T]he constitutionality of the [checkpoint] depends on whether it is reasonable." *Id.* ¶ 6; *see also State v. Bolton*, 1990-NMCA-107, ¶ 8, 111 N.M. 28, 801 P.2d 98 ("The reasonableness of a [checkpoint] provides a constitutionally adequate substitute for the reasonable suspicion that would otherwise be required to justify the detention of vehicles and the questioning of their occupants."). A sobriety checkpoint "is constitutionally permissible so long as it is reasonable within the meaning of the [F]ourth [A]mendment as measured by its substantial compliance with [eight factors]." *City of Las Cruces v. Betancourt*, 1987-NMCA-039, ¶ 24, 105 N.M. 655, 735 P.2d 1161. "[A] sobriety checkpoint conducted in substantial compliance with the eight *Betancourt* factors is [also] constitutional under the New Mexico Constitution." *State v. Madalena*, 1995-NMCA-122, ¶ 26, 121 N.M. 63, 908 P.2d 756.

{9}    We conclude Defendant's motion was insufficiently particular to alert the metropolitan court or State that the grounds for suppressing evidence related to the checkpoint's illegality. *See Goss*, 1991-NMCA-003, ¶ 13 (stating that "[g]enerally, motions to suppress must set out with particularity the grounds relied on for the relief sought"); *see also City of Santa Fe v. Marquez*, 2012-NMSC-031, ¶ 27, 285 P.3d 637 ("A motion to suppress presupposes that the evidence was *illegally obtained*." (alteration, internal quotations, and citation omitted)). The record reflects that

Defendant's motion did not specifically challenge the legality of the checkpoint or argue the State failed to comply with any of the *Betancourt* guidelines for determining whether a checkpoint is reasonable. *Cf. Goss*, 1991-NMCA-003, ¶¶ 10, 14 (concluding that the defendants failed to preserve their challenge to the checkpoint's legality based in part on the defendants' failure to make a specific challenge concerning the constitutionality of the sobriety checkpoint itself or argue the checkpoint's noncompliance with *Betancourt*).[1] Defendant's motion does not cite *Betancourt*, mention any of *Betancourt*'s guidelines or facts implicating these guidelines, or use the term checkpoint or roadblock.

{10} Defendant's motion, rather, was based upon the State lacking reasonable suspicion to detain Defendant. The reasonable suspicion required for a continued *investigatory detention* related to a sobriety checkpoint, however, is not required to stop a particular motorist at the checkpoint initially; the legality of a checkpoint stop and the legality of an investigative detention arising from that stop are distinct issues

---

[1]Defendant points out that no evidentiary hearing occurred in this case, unlike in *Goss*, 1991-NMCA-003, and asserts that no evidentiary hearing occurred because Sergeant LeCompte failed to appear. Defendant, however, does not develop these arguments to explain why a lack of evidentiary hearing mattered under the circumstances. *See State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181 (noting that we will "not review unclear or undeveloped arguments [that] require us to guess at what parties' arguments might be"). We note, as well, that defense counsel interviewed Sergeant LeCompte but failed to make any argument to the metropolitan court that Sergeant LeCompte's interview provided defense counsel with information germane to the illegality of the checkpoint.

such that raising one does not necessarily implicate the other. *Compare Bates*, 1995-NMCA-080, ¶ 9 (stating that "a [sobriety checkpoint] does not require reasonable suspicion or probable cause with respect to a particular motorist"), *with State v. Hall*, 2016-NMCA-080, ¶ 17, 380 P.3d 884 (noting that a driver stopped at a sobriety checkpoint could be detained for *additional investigation* if the officer has reasonable and articulable suspicion of criminal activity based on the officer's observations or the driver's answers to the officer's initial inquiry (emphasis added)), *and State v. Anaya*, 2009-NMSC-043, ¶ 15, 147 N.M. 100, 217 P.3d 586 ("Evading a marked [sobriety] checkpoint is a specific and articulable fact that is sufficient to predicate reasonable suspicion for an investigatory stop.").[2]

{11}    Although Defendant's motion does state, "[D]efendant was detained by law enforcement[] unlawfully," and "Deputy Gallegos did not have reasonable suspicion to detain [D]efendant initially," we cannot say these statements "set out with particularity the grounds relied on" for suppressing evidence based on the *checkpoint's* illegality. *Goss*, 1991-NMCA-003, ¶ 13; *accord* Rule 7-304(B).

---

[2]Defendant argues that his motion was sufficiently particular because evading sobriety checkpoints may also implicate a reasonable suspicion analysis and that, under New Mexico law, Defendant "could not avoid a detention as a result of the checkpoint." In support of these propositions Defendant cites various cases in which a driver sought to avoid a sobriety checkpoint. These cases are inapposite. Defendant does not dispute he was stopped at a sobriety checkpoint, and his motion raised no facts indicating he sought to avoid the checkpoint.

Defendant's references to the Fourth Amendment and Article II, Section 10 in his motion and to the metropolitan court do not alter our conclusion.

{12}     Defendant effectively acknowledged to the metropolitan court that his motion had yet to articulate upon which grounds, if any, he believed the sobriety checkpoint to be illegal. Defense counsel stated his motion was "a place marker" until he could interview Sergeant LeCompte, but that he would file an amended motion after conducting the interview. Defendant did interview Sergeant LeCompte but failed to file an amended motion.

{13}     To the extent Defendant contends his motion was sufficiently particular when viewed together with his arguments to the metropolitan court discussing sobriety checkpoints generally, we disagree. Defendant argued to the metropolitan court that, since a sobriety checkpoint is an exception to the Fourth Amendment and Article II, Section 10, the burden was on the State to show the checkpoint's constitutionality, and therefore Sergeant LeCompte was required to testify.

{14}     Defendant, however, had the burden to raise an issue as to the *illegality* of the checkpoint, which would have then shifted the burden to the State to justify the checkpoint stop. *See Ponce*, 2004-NMCA-137, ¶ 7 ("[The d]efendants have the burden to raise an issue as to their illegal search and seizure claims. Once they have done so, the burden shifts to the [s]tate to justify the warrantless search or seizure." (alterations, internal quotation marks, and citation omitted)). We cannot say

8

Defendant raised an issue as to the checkpoint's illegality sufficient to shift this burden to the State by merely stating that a checkpoint is an exception to the Fourth Amendment and Article II, Section 10. Accordingly, we conclude Defendant's motion was insufficiently particular to alert the district court or State to the grounds for suppressing evidence related to the checkpoint's illegality, and thus the burden to justify the checkpoint's legality did not shift to the State.

{15}    Because we conclude Defendant's motion was insufficiently particular to shift this burden to the State, the legality of the checkpoint would not have been an issue at trial. *See Marquez*, 2012-NMSC-031, ¶ 25 ("[O]ur rules require suppression motions to be filed prior to trial, absent good cause."); *State v. Candelaria*, 2019-NMCA-032, ¶ 27, 446 P.3d 1205 ("[M]otions asserting the denial of constitutional rights are indeed subject to pretrial motion deadlines."). It follows that because the legality of the checkpoint was not at issue, Sergeant LeCompte's testimony—which would have been limited to questions concerning the checkpoint's legality—would not have been necessary. *See* Rule 11-401 NMRA ("Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence, and . . . the fact is of consequence in determining the action."); *see also* Rule 11-602 NMRA (noting that personal knowledge of a matter is required for a witness to testify regarding the matter). Present at trial was Deputy Gallegos, who made contact with Defendant at the checkpoint and thus had personal knowledge of

the DWI investigation.[3] *See* Rule 11-602 (requiring a witness to have personal knowledge of a matter to testify). Accordingly, the metropolitan court erred in dismissing the case based on Sergeant LeCompte's unavailability to testify at trial.

**CONCLUSION**

{16}    For the foregoing reasons, we reverse and remand to the metropolitan court for reentry of the charges against Defendant.

{17}    **IT IS SO ORDERED.**


_____
**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**


_____
**SHAMMARA H. HENDERSON, Judge**


_____
**KATHERINE A. WRAY, Judge**

---

[3]Defendant was charged with aggravated DWI for refusing to submit to chemical testing, contrary to Section 66-8-102(D)(3). Pursuant to this charge, the State would have had to prove that Defendant operated a motor vehicle while under the influence of intoxicating liquor and that he refused to submit to chemical testing. *See* UJI 14-4508 NMRA. That the State apparently expected Sergeant LeCompte to be present at trial does not change our conclusion that his testimony would not have been necessary in light of Defendant's failure to adequately raise an issue as to the checkpoint's illegality.