This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40550**

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

v.

**MONICA FELIX,**

   Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Christine E. Rodriguez, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Jasmine J. Solomon, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant appeals her conviction, following a bench trial in metropolitan court, for aggravated driving while under the influence of intoxicating liquor or drugs (DWI). In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Defendant continues to assert the evidence was insufficient to support her conviction either under a theory of "past driving" or that of "actual, physical control" with

a general intent to drive. [MIO 8-10] Defendant contends that although the trial "court ruled on a theory of actual physical control[,]" that "this case is a 'past driving' case and not an 'actual, physical control' case." [MIO 8-9] An appellate court may "affirm the trial court's decision if it was right for any reason so long as it is not unfair to the appellant for us to do so." *State v. Gallegos*, 2007-NMSC-007, ¶ 26, 141 N.M. 185, 152 P.3d 828; *cf. State v. Olguin*, 1995-NMSC-077, ¶ 2, 120 N.M. 740, 906 P.2d 731 (holding that due process does not require a general verdict of guilty to be set aside if one of the two alternative bases for conviction is supported by sufficient evidence).

**{3}** Circumstantial evidence alone may be sufficient to allow a trier of fact to infer that the accused drove while impaired. *See State v. Mailman*, 2010-NMSC-036, ¶ 28, 148 N.M. 702, 242 P.3d 269 (holding that actual physical control of the vehicle "is not necessary to prove DWI unless there are no witnesses to the vehicle's motion and insufficient circumstantial evidence to infer that the accused actually drove while intoxicated" (emphasis omitted)). Our Supreme Court explained that "[s]uch evidence may include the accused's own admissions, the location of the vehicle next to the highway, or any other similar evidence that tends to prove that the accused drove while intoxicated." *Id.* In this case, an officer encountered Defendant's vehicle stopped in two lanes of traffic with the hazard lights on. [MIO 2-3; CN 3] The officer testified that Defendant was alone, was in the driver's seat, was emitting an odor of alcohol, and had bloodshot, watery eyes. [MIO 2-3; CN 3]

**{4}** Defendant contends the State failed to establish how long she was stopped in the middle of the road, and therefore, Defendant's admission to drinking suggests that she could have become impaired while waiting for roadside assistance. [MIO 23] Based on Defendant's admission to drinking "way earlier," in conjunction with the other evidence, we conclude that the trial court could have reasonably determined that Defendant consumed alcohol prior to driving. *Cf. H-B-S P'ship v. Aircoa Hosp. Servs., Inc.*, 2005-NMCA-068, ¶ 34, 137 N.M. 626, 114 P.3d 306 ("We give broad deference to the [trial] court when interpreting and weighing the evidence."). We therefore hold that the circumstantial evidence was sufficient to prove that Defendant drove while impaired. *See State v. Alvarez*, 2018-NMCA-006, ¶¶ 13-14, 409 P.3d 950 (holding that there was "sufficient circumstantial evidence to uphold a conviction based on past driving" where the defendant was alone, "the vehicle was stuck in the median, the vehicle appeared to be on, and the hazard lights were on"); *State v. Orquiz*, 2012-NMCA-080, ¶ 4, 284 P.3d 418 ("Although no witnesses testified to seeing [the d]efendant's vehicle in motion, the investigating officer relayed [the d]efendant's on-scene admission that he had been driving when his brakes failed, as well as the officer's own observations of the single-vehicle crash scene. Such evidence of past driving, though circumstantial, is nonetheless sufficient for a [fact-finder] to infer that [the d]efendant actually drove while impaired").

**{5}** In regard to the alternative theory of DWI, Defendant "concedes that she was in actual physical control of her vehicle[,]" but contends that "the State failed to present sufficient evidence that she was impaired or had a general intent to drive." [MIO 11] As evidence of Defendant's impairment, the officer testified that Defendant was emitting a

strong odor of alcohol, and had bloodshot, watery eyes. [MIO 4; CN 3] The trial court also relied on Defendant's admission to drinking, the combative nature of her interaction with the officer, her repeated questions about why she was pulled over, and her refusal to submit to DWI tests. [MIO 23] Despite Defendant's alternative interpretations of this evidence [MIO 13-14], we conclude it was sufficient for the trial court to determine that Defendant was impaired. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts."); *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 ("We defer to the [trial] court when it weighs the credibility of witnesses and resolves conflicts in witness testimony."); *cf. State v. Neal*, 2008-NMCA-008, ¶ 27, 143 N.M. 341, 176 P.3d 330 (stating that the fact-finder may "rely on common knowledge and experience to determine whether [a defendant] was under the influence of alcohol").

**{6}** Defendant also asserts "the State failed to prove that she had a general intent to drive her inoperable, stranded vehicle." [MIO 10] The Supreme Court has provided guidance in the form of several non-exhaustive factors for fact-finders to consider when assessing "whether an individual is in actual physical control of a vehicle and has the general intent to drive so as to pose a real danger to [themselves] or the public." *State v. Sims*, 2010-NMSC-027, ¶ 33, 148 N.M. 330, 236 P.3d 642; *see also id.* (listing factors). "It is up to the [fact-finder] to determine, under the standard that [the Supreme Court] articulated in *Sims*, whether an accused lacked the general intent to drive so as to endanger any person, based on the overt acts taken by the accused." *Mailman*, 2010-NMSC-036, ¶ 19. "[T]he operability of a vehicle is relevant to the actual physical control inquiry." *Id.* "However, the inoperability of a vehicle [does not] automatically foreclose[] the possibility of a DWI conviction based on actual physical control." *Id.* "[W]hile the operability of the vehicle may be highly relevant to the determination of actual physical control, it is not necessarily dispositive." *Alvarez*, 2018-NMCA-006, ¶ 21 (alterations, internal quotation marks, and citation omitted).

**{7}** In the present case, the trial court found that Defendant was in the driver's seat, the keys were in the ignition, and Defendant pushed in the clutch, which the trial court interpreted as Defendant attempting to get the vehicle moving. [MIO 6-7; CN 3] Defendant argues the evidence that she pushed the clutch "did not demonstrate an intent to drive, as noted by the [trial] court, but pointed instead to an intent to explain why her vehicle was stopped in traffic." [MIO 17] However, when evidence is "subject to conflicting interpretations and inferences, the trial court as the fact[-]finder [is] empowered to weigh the evidence, determine the credibility of the witnesses, and resolve any conflicts in the evidence." *State v. Goss*, 1991-NMCA-003, ¶ 20, 111 N.M. 530, 807 P.2d 228. In addition, on appeal, "we resolve all disputed facts in favor of the State, indulge all reasonable inferences in support of the verdict, and disregard all evidence and inferences to the contrary." *Rojo*, 1999-NMSC-001, ¶ 19. Accordingly, Defendant's alternative interpretation of the evidence is not grounds for us to conclude the evidence was insufficient to support her conviction. *See id.*

**{8}** Under a totality of the circumstances analysis, we conclude that the fact-finder could have reasonably relied on Defendant's location in the driver's seat, with keys in the ignition and her act of pushing on the clutch while the vehicle was in the middle of the road to determine that Defendant engaged in overt acts to show an intent to drive. *See Sims*, 2010-NMSC-027, ¶ 33 (adopting a "totality of the circumstances" test and listing non-exhaustive factors for the jury to consider in determining whether a defendant is in actual physical control and has a general intent to drive so as to endanger any person); *Mailman*, 2010-NMSC-036, ¶ 20 ("We leave it to the [fact-finder] to weigh evidence of vehicle inoperability along with other evidence in deciding questions of control and intent when determining whether an accused is in actual physical control of a vehicle"); *see, e.g.*, *Sims*, 2010-NMSC-027, ¶ 35 ("That the vehicle was on a roadway arguably increases the danger posed to both the defendant and the public and supports an inference of the general intent to drive."); *Alvarez*, 2018-NMCA-006, ¶¶ 21-22 (explaining that "[a]lthough the evidence was that the vehicle's tires were stuck in the median, it was not apparent that the vehicle was entirely inoperable, and it could reasonably be inferred that [the d]efendant could have moved the vehicle out of the median, either by [the defendant] or with assistance" and concluding, based on "the totality of the evidence," that the defendant "was more than a passive occupant of the truck, and that sufficient evidence was presented to support the conviction under the theory of actual physical control").

**{9}** Defendant has not otherwise presented any facts, authority, or argument in her memorandum in opposition that persuade this Court that our proposed summary disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{10}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{11} IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**